**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 07/13/2020         TIME: 01:30:00 PM         DEPT: C-73

JUDICIAL OFFICER PRESIDING: Joel R. Wohlfeil
CLERK: Andrea Taylor
REPORTER/ERM: Charlotte Johnsen CSR# 8232
BAILIFF/COURT ATTENDANT: R. Camberos

CASE NO: **37-2016-00022422-CU-BC-CTL**    CASE INIT.DATE: 07/05/2016
CASE TITLE: **The Motiva Group Inc vs Global Impact Group Inc [IMAGED]**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE**: Motion Hearing (Civil)
MOVING PARTY: The Motiva Group Inc
CAUSAL DOCUMENT/DATE FILED: Notice - Other NOTICE OF RETURN HEARING RE OSC, 03/13/2020

**EVENT TYPE**: Motion Hearing (Civil)
MOVING PARTY: Venture Resources Consulting, LLC
CAUSAL DOCUMENT/DATE FILED: Motion - Other to intervene, 02/06/2020

**EVENT TYPE**: Motion Hearing (Civil)
MOVING PARTY: Venture Resources Consulting, LLC
CAUSAL DOCUMENT/DATE FILED: Motion - Other to vacate order appointing receiver, 02/06/2020

Additional events listed on last page.

**APPEARANCES**
Mitchell S Wagner, counsel, present for Respondent on Appeal,Plaintiff,Appellant(s) telephonically.
Michael Patrick Holleran, self represented Defendant, present telephonically.
Michael Wallin, Third Party Plaintiff Venture Resources, appears telephonically.
Mallory Holt, Interested Party, Ramesses Surban, appears telephonically.
Gary Roberts, Office of the Assigned Counsel for Michael Holleran, appears telephonically.

Due to the COVID-19 pandemic, this hearing will be conducted remotely. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com.

The Court confirms as modified the tentative ruling as follows:
1. The OSC (ROA # 386, 388, 389, 408, 410, 412, 475, 476, 481, 500, 502) re contempt of Court of Defendants Michael Holleran and National Small Business Alliance ("Defendants") for disobeying the Court's Order Appointing Receiver Over National Small Business Alliance ("NSBA") entered on November 22, 2019 ("Order Appointing Receiver") will be HEARD.

Case 21-00031-ELG    Doc 152-1    Filed 07/12/21    Entered 07/12/21 12:32:01    Desc
Exhibit A - Minute Order of July 13   2020    Page 2 of 6

CASE TITLE: The Motiva Group Inc vs Global Impact Group Inc [IMAGED]    CASE NO: 37-2016-00022422-CU-BC-CTL

The Court's March 12, 2020 minute order (ROA # 476) states, in pertinent part:

"The Court finds that the provisions of paragraph 13 are sufficiently clear to apprise Defendants of their obligations under the November 22, 2019 order, and subject Defendants to the punishment of contempt, and that they possess knowledge of the November 22, 2019 order.  ROA # 358, 407, 408, 410, 457, 468, 470, 472 and 473.

The question is whether Defendants willfully did not comply with the provisions of paragraph 13 of the November 22, 2019 order.

The remedies Plaintiff seeks from this OSC re contempt consist of a fine, custody, attorney fees and costs.  ROA # 393, CCP 1218.  The Court intends to arraign Defendants on the contempt charge based on the alleged non-compliance of paragraph 13 of the November 22, 2019 order if Defendants are represented by counsel.  If Defendants are not represented by counsel, the Court may need to continue the arraignment to appoint counsel for Defendants.  County of Santa Clara v. Superior Court (1992) 2 Cal. App. 4th 1686; Penal Code 987.2.

Michael Patrick Holleran is arraigned on one count of contempt set forth and read to the Defendant in paragraph 13 of the filing of Plaintiff on 11/22/2019.  Michael Patrick Holleran is Defendants true name and he states he is the owner/founder of National Small Business Alliance.  The Court advises him of his rights and a Not Guilty plea is entered.

Mr. Holleran requests time to obtain a lawyer and the Court grants the request."

In its brief (ROA # 478), Plaintiff states, at page 4:

"The Court should proceed by civil contempt and give Holleran the "key to the jail cell" - and the opportunity to avoid jail altogether - by turning over to the Receiver all membership records and other records necessary for the Receiver to take control of the business and collect the membership fees."

The Court's June 9, 2020 minute order (ROA # 500) states, in part:

"This being the time set for a Status Conference in the above entitled cause.

Future Dates are set.  The Court will set aside half a day to hear the hearings.

The Court will appoint a Public Defender to represent Mr. Holleran in the scope of the contempt hearing."

The Court's June 23, 2020 minute order (ROA # 5050) states:

"The Court having received notice by email that the Office of the Public Defender does not handle Civil Contempt hearings, now appoints the Office of Assigned Counsel to handle the Civil Contempt hearing set on 7/13/2020 at 1:30 p.m. before Judge Joel Wohlfeil in Department 73.

A copy of this minute order along with the previous minute order dated 6/9/2020 will be faxed, mailed and sent by interoffice mail to the Office of Assigned Counsel on 6/23/2020."

Case 21-00031-ELG    Doc 152-1    Filed 07/12/21    Entered 07/12/21 12:32:01    Desc
Exhibit A - Minute Order of July 13   2020    Page 3 of 6

CASE TITLE: The Motiva Group Inc vs Global Impact Group Inc [IMAGED]    CASE NO: 37-2016-00022422-CU-BC-CTL

In view of the custodial remedy sought by Plaintiff, the fluctuating status of counsel's appointment to represent Mr. Holleran and the restrained access to the Court at this time, the Court is inclined to continue the OSC re contempt hearing to a future date. The potential ramifications to Defendant along with Defendant's current inability to be present to confront and defend the accusations in Court outweigh Plaintiff's request to proceed with the hearing at this time.

After hearing from counsel the Court directs Mr. Holleran to lodge a financial statement verified under penalty of perjury no later than close of business on 7/31/2020. Counsel can file a objection and/or motion. Objections and reply to be filed pursuant to code. Motion regarding Holleran's financial statement is set for 8/12/2020 at 1:30 p.m. in Department 73.

Attorney Wagner's request to stay trial is granted. Court declines to set a further Readiness hearing at this time and states the Arraignment will not be addressed at this time.

The Order to Show cause re: Contempt hearing is continued to 9/23/2020 at 9:00 a.m. in Department 73.

Attorney Wagner to give notice.

_____

2. The Motion (ROA # 426, 438, 440, 483, 500, 511) of proposed Plaintiff in Intervention Venture Resources Consulting, LLC, a California limited liability company ("VRC") for an order permitting it leave to intervene in this action, is DENIED, without prejudice. Code Civ. Proc. 387.

A nonparty has the right to intervene in litigation between others where he or she claims an interest in the property or transaction involved in the litigation, and is so situated that any judgment rendered in his or her absence "may impair or impede that person's ability to protect that interest ..." Id. at (d)(1)(B). Although Venture Resources could potentially satisfy this standard, this Motion is procedurally defective. Subsection (c) provides: "A nonparty shall petition the court for leave to intervene by noticed motion or ex parte application. The petition shall include a copy of the proposed complaint in intervention or answer in intervention and set forth the grounds upon which intervention rests." Venture Resources has not submitted this required pleading (e.g., a complaint seeking a declaration of rights). The Motion is denied on this basis and the Court does not consider Plaintiff's other arguments in opposition.

Attorney Wallin to give notice of the Court's ruling.

(Clerk's note: Tentative is confirmed as modified to denied without prejudice.)

_____

3. The Motion (ROA # 427, 438, 441, 484, 500, 511) of proposed Plaintiff in Intervention Venture Resources Consulting, LLC, a California limited liability company ("VRC") for an order vacating or, in the alternative, modifying the existing order appointing receiver with respect to National Small Business Alliance, is DENIED, without prejudice.

Given the concurrent ruling denying the Motion for leave to intervene, Venture Resources is not a party and thus lacks standing to bring this Motion.

Attorney Wallin to give notice of the Court's ruling.

(Clerk's note: Tentative is confirmed as modified to denied without prejudice.)

_____

4.  The Motion (ROA # 462, 485, 500, 502) of Plaintiff THE MOTIVA GROUP, INC. ("Plaintiff") to amend the Default Judgment by adding National Small Business Alliance, Inc., the Washington, DC corporation, ("NSBA DC") as a judgment debtor on the ground NSBA DC is a corporate alter ego of Defendant and Judgment Debtor Michael Holleran and Defendant and Judgment Debtor National Small Business Alliance ("NSBA") and, through Holleran, NSBA DC controlled the litigation, is DENIED, without prejudice.

"Under [Code of Civil Procedure] section 187, the Court has the authority to amend a judgment to add additional judgment debtors." NEC Electronics Inc. v. Hurt (1989) 208 Cal. App. 3d 772, 778 (citation omitted). "Judgments are often amended to add additional judgment debtors on the grounds that a person or entity is the alter ego of the original judgment debtor." Id. (citations omitted). Such a procedure is an appropriate and complete method by which to bind a new defendant where it can be demonstrated that, in their capacity as an alter ego, they in fact had control of the previous litigation and thus were virtually represented in the lawsuit. Id. The ability under section 187 to amend a judgment to add a Defendant, thereby imposing liability on the new Defendant without trial, requires: (1) that the new party be the alter ego of the old party; and (2) that the new party controlled the litigation, thereby having had the opportunity to litigate in order to satisfy due process concerns. Triplett v. Farmers Ins. Exchange (1994) 24 Cal. App. 4th 1415, 1421.  The due process considerations are in addition to, not in lieu of, the threshold alter ego issues.  Id.

The Court may disregard the corporate form in order to hold one corporation liable for the debts of another affiliated corporation when the latter is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality, agency, conduit, or adjunct of another corporation. Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc. (2013) 217 Cal. App. 4th 1096, 1107.  Where there is such domination of finances, policies and practices that the controlled corporation has no separate mind, will or existence of its own and is but a business conduit for its principal, the affiliated corporations may be deemed to be a single business enterprise, and the corporate veil pierced. Id. Under the "single business enterprise" doctrine, separate corporations may operate with integrated resources in pursuit of a single business purpose. Id. at 1107, 1108.  The "single-business-enterprise" theory is an equitable doctrine applied to reflect partnership-type liability principles when corporations integrate their resources and operations to achieve a common business purpose. Id. at 1108.  "Because society recognizes the benefits of allowing persons and organizations to limit their business risks through incorporation, sound public policy dictates that imposition of alter ego liability be approached with caution .... Nevertheless, it would be unjust to permit those who control companies to treat them as a single or unitary enterprise and then assert their corporate separateness in order to commit frauds and other misdeeds with impunity." Las Palmas Associates v. Las Palmas Center Associates (1991) 235 Cal. App. 3d 1220, 1249 (internal citation omitted)

In this action, Plaintiff has not met its burden of presenting evidence sufficient to demonstrate that the two NSBA corporations are so intertwined such that they essentially function as a single instrumentality.

Case 21-00031-ELG    Doc 152-1    Filed 07/12/21    Entered 07/12/21 12:32:01    Desc
Exhibit A - Minute Order of July 13   2020    Page 5 of 6

CASE TITLE: The Motiva Group Inc vs Global Impact Group Inc [IMAGED]    CASE NO: **37-2016-00022422-CU-BC-CTL**

The Holleran testimony quoted within the short Wagner declaration establishes the following: (a) both NSBA entities have a single shareholder and officer (Holleran); (b) both NSBA entities made payments to Plaintiff at different times; and (c) both NSBA entities "have an obligation to Motiva." Though important, these facts are not sufficient and conclusory. In order to "pierce the corporate veil" more specific evidence is required with respect to corporate finances, policies and practices. This Court is required to exercise caution before permitting for the post-judgment joinder of a new debtor.

The concurrent Motion (ROA #s 462 and 500) to for leave to file a Second Amendment to the First Amended Complaint is DENIED.

"Code of Civil Procedure section 473 allows the trial court to grant leave to amend pleadings at any stage of the proceedings, and the exercise of this authority is within the sound discretion of the judge .... Amendments proffered after judgment is rendered, however, are allowed only if the judgment is vacated as by granting a motion for new trial ...." Young v. Berry Equipment Rentals, Inc. (1976) 55 Cal. App. 3d 35, 38. In this action, judgment has already been entered. Given this ruling, the Court does not address the issues of delay and prejudice.

Plaintiff's Motion (ROA # 488, 500) to strike Holleran's Opposition to Motiva's Motion to Amend the Judgment to add NSBA DC as a judgment debtor on the ground that Holleran lacks standing, is GRANTED.

Attorney Wagner to give notice of the Court's ruling.

(Clerk's note: Tentative is confirmed as modified to without prejudice.)

_____
Judge Joel R. Wohlfeil

Case 21-00031-ELG    Doc 152-1    Filed 07/12/21    Entered 07/12/21 12:32:01    Desc
Exhibit A - Minute Order of July 13   2020    Page 6 of 6

CASE TITLE: The Motiva Group Inc vs Global Impact Group Inc [IMAGED]    CASE NO: 37-2016-00022422-CU-BC-CTL

ADDITIONAL EVENTS:

**EVENT TYPE:** Motion Hearing (Civil)
MOVING PARTY: The Motiva Group Inc
CAUSAL DOCUMENT/DATE FILED: Motion - Other to amend judgment, 03/02/2020