EXHIBIT
12
21-00031

WALLIN & RUSSELL LLP
   A Limited Liability Partnership
MICHAEL A. WALLIN, Cal. Bar No. 240344
mwallin@wallinrussell.com
JOHN C. RUSSELL, Cal. Bar No. 265413
jrussell@wallinrussell.com
26000 Towne Centre Drive, Suite 130
Foothill Ranch, California 92610
Telephone:   949-652-2202

Attorneys for Interested Parties
VENTURE RESOURCES CONSULTING, LLC and
JOHN L. RAINALDI, individually and as trustee of
the Rainaldi Family Trust

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/23/2020** at 08:06:00 PM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| THE MOTIVAGROUP, INC.,<br><br>            Plaintiff,<br>v.<br><br>GLOBAL IMPACT GROUP, INC.;<br>NATIONAL SMALL BUSINESS<br>ALLIANCE, INC.; and DOES 1-25,<br><br>            Defendants. | Case No. 37-2016-00022422-CU-BC-CTL<br><br>**RAINALDI PARTIES' OPPOSITION TO THE MOTIVAGROUP, INC.'S MOTION TO CONSOLIDATE AND TO EXTEND RECEIVERSHIP TO NSBA DC**<br><br>Judge: Hon. Joel R. Wohlfeil<br>Dept: C-73<br><br>Date: December 8, 2020<br>Time: 9:00 a.m. |

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

Interested Parties Venture Resources Consulting, LLC, a California limited liability company ("VRC"), and John L. Rainaldi, individually and as trustee of the Rainaldi Family Trust ("Rainaldi" and together with VRC, collectively, "Rainaldi Parties")[1], hereby submit their opposition to plaintiff The Motivagroup, Inc.'s Motion to Consolidate and to Extend Receivership to NSBA DC (the "Motion").

## I.  SUMMARY OF CASE AND MOTION[2]

Plaintiff The Motivagroup, Inc. ("Plaintiff") commenced this action by filing a complaint against Global Impact Group Inc., National Small Business Alliance and Michael Holleran (the "Defendants") on or around July 5, 2016, more than four years ago. This action has been heavily litigated during the course of its nearly four-year lifespan. A default judgment was already rendered against the Defendants on or about September 27, 2019 (the "Judgment"), more than one year ago.

The Rainaldi Parties are long-standing creditors of certain of the Defendants and their various affiliates (collectively, the "NSBA Parties"), having made certain credit facilities available to certain of the NSBA Parties since as early as 2008, long before the commencement of the present action by Plaintiff.

In the existing operative complaint in this action, Plaintiff failed to sue National Small Business Alliance, Inc., a Washington D.C. corporation ("NSBA DC"), which, based on the Rainaldi Parties' knowledge and experience as a creditor thereof, is and has been the primary operating entity of the NSBA Parties since at least 2008 and with respect to which VRC has maintained a perfected security interest in the assets thereof since at least 2008. Nearly four years into this lawsuit, Plaintiff become aware of this material deficiency with respect to NSBA DC, and Plaintiff attempted to amend the Judgment to include NSBA DC through its prior motions to

---

[1] The Rainaldi Parties are not presently parties to this action; but they are defendants in the Second Action (as defined below) that Plaintiff seeks to consolidate with this action. Thus, the Rainaldi Parties hereby specially appear for the limited purpose of opposing the Motion.

[2] Additional background and supporting declarations may be found in the Rainaldi Parties' prior Opposition to Plaintiff's Motion for Leave to Amend to Name VRC and Rainaldi that was ruled on by this Court in the Minute Order described below.

-1-

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

1  amend the default judgment to add NSBA DC and for leave to amend its complaint to name the
2  Rainaldi Parties as defendants in this action.
3        This Court already entered a minute order on July 13, 2020 (the "Minute Order"), denying
4  both such motions by Plaintiff. With respect to Plaintiff's motion to amend the Judgment to add
5  NSBA DC, this Court determined that "Plaintiff has not met its burden of presenting evidence
6  sufficient to demonstrate that the two NSBA corporations are so intertwined such that they
7  essentially function as a single instrumentality." With respect to Plaintiff's motion to permit the
8  Plaintiff leave to amend its complaint to name the Rainaldi Parties as defendants in this action, this
9  Court stated as follows:

> "Code of Civil Procedure section 473 allows the trial court to grant leave
> to amend pleadings at any stage of the proceedings, and the exercise of
> this authority is within the sound discretion of the judge .... Amendments
> proffered after judgment is rendered, however, are allowed only if the
> judgment is vacated as by granting a motion for new trial ...." Young v.
> Berry Equipment Rentals, Inc. (1976) 55 Cal. App. 3d 35, 38. In this
> action, judgment has already been entered.

15        Plaintiff subsequently filed a second action, Case No. 37-2020-00024708-CU-BT-CTL
16  (the "Second Action"), against NSBA DC and the Rainaldi Parties, as defendants, alleging
17  fraudulent transfers, tortious interference and seeking declaratory relief against such defendants.
18  As Plaintiff notes in the Motion, Plaintiff has already filed a Motion to Appoint a Receiver over
19  NSBA DC in the Second Action, which is currently scheduled to be heard on January 22, 2020.
20        Having been rebuffed by this Court in its initial motions by the rulings set forth in the
21  Minute Order, Plaintiff now seeks to indirectly obtain a similar result by appealing to this Court
22  (a) to consolidate the Second Action with this action, even though judgment has already been
23  rendered in this action and none of the defendants in the Second Action are defendants in the
24  present action and (b) to obtain a pre-judgment receiver against an entity, NSBA DC, that is not a
25  party to this action, that is not subject to the Judgment and with respect to whom this Court has
26  already denied Plaintiff's prior motion to add such entity as a judgment debtor under the Judgment.
27  As a result, the Motion as it relates to the Rainaldi Parties is unnecessary, duplicative and
28  unreasonably prejudicial to the Rainaldi Parties and thus should be denied.

-2-

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

## II. LEGAL ARGUMENT

In the Motion, Plaintiff seeks to consolidate the present action with the Second Action. In doing so, Plaintiff is relying on California Code of Civil Procedure ("CCP") § 1048, which provides that a court *may* order actions consolidated when actions involving a common question of law or fact are pending before the court. Consolidation under CCP § 1048 is permissive, and it is for the trial court to determine whether the consolidation is for all purposes or for trial only. *Hamilton v. Asbestos Corp., Ltd.* (2000) 22. Cal.4th 1127, 1149. Consolidation of cases under this section rests within the sound discretion of the trial judge. *Walker v. Walker* (1960) 177 Cal.App.2d 89, 91-92.

In this case, this Court should use its discretion to deny Plaintiff's Motion to consolidate for similar reasons that this Court denied Plaintiff's prior motion for leave to amend its complaint to add the Rainaldi Parties as defendants pursuant to the Minute Order.

The Rainaldi Parties would be materially prejudiced by the consolidation of the Second Action with this action. First, the Rainaldi Parties had no involvement in the underlying dispute between Plaintiff and the Defendants. Rather, the interests of the Rainaldi Parties in this case are limited to the effects of Plaintiff's post-Judgment enforcement efforts as an unsecured creditor of certain of the NSBA Parties and now defending themselves against the allegations made by Plaintiff in the Second Action. Second, this case clearly has a substantial procedural history that pre-dates the Rainaldi Parties involvement, together with what seems to be a significant amount of animosity between the parties, with respect to which the Rainaldi Parties would need to spend a significant amount of time, effort and expense to fully understand and may prejudice the Rainaldi Parties' claims and defenses.

Finally, granting the Plaintiff's Motion would have an uncertain procedural effect on the present action. Judgment was already entered in this case more than one year ago against all of the named Defendants. What is the effect of permitting the Plaintiff to consolidate a pre-judgment action with another action in which a judgment has already been rendered? The general rule is that once a judgment has been entered, the trial court loses its unrestricted power to change that

-3-

judgment. *Craven v. Crout* (1985) 163 Cal.App.3d 779, 782-783. As the *Craven* court further elaborated:

> The court does retain power to correct clerical errors in a judgment which has been entered. However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error. (*In re Candelario* (1970) 3 Cal.3d 702, 705, 91 Cal.Rptr. 497, 477 P.2d 729; *Rogers v. Hirschi* (1983) 141 Cal.App.3d 847, 850, 190 Cal.Rptr. 575; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 66, p. 3228.) This general rule is applicable even though time for appeal from the judgment has not yet passed. (See, e.g., *Morgan v. State Bd. of Equalization* (1949) 89 Cal.App.2d 674, 201 P.2d 859 [judgment entered for respondent; 30 days later, trial court, in apparent disregard of first judgment, enters a substantially different judgment; no evidence in record to show clerical error; held: court had no power to enter second judgment, which was therefore void and of no effect].) Once judgment has been entered, the trial court does retain jurisdiction for a limited period of time to entertain and grant a motion for a new trial (§ 655 et seq.) or a motion for a judgment notwithstanding the verdict. (§ 629.) The court also retains jurisdiction to consider and grant a motion to vacate a judgment and enter a different judgment for either of two reasons: an incorrect or erroneous legal basis for the decision, not consistent with or supported by the facts, or a judgment not consistent with or not supported by the special verdict. (§§ 663, 663a.) The court also retains jurisdiction to entertain and grant a motion for relief from a judgment taken against a party through mistake, inadvertence, surprise, or excusable neglect. (§ 473.) In each of the foregoing situations, the court is explicitly authorized by the pertinent statute to change an entered judgment, provided certain conditions are satisfied. *Id.*

As stated above, this Court already concluded in the Minute Order:

> "Code of Civil Procedure section 473 allows the trial court to grant leave to amend pleadings at any stage of the proceedings, and the exercise of this authority is within the sound discretion of the judge .... Amendments proffered after judgment is rendered, however, are allowed only if the judgment is vacated as by granting a motion for new trial ...." *Young v. Berry Equipment Rentals, Inc.* (1976) 55 Cal. App. 3d 35, 38. In this action, judgment has already been entered.

The present Motion is functionally similar to Plaintiff's prior motion; it seeks to cause the Rainaldi Parties to litigate in a case that is more than four years old and in which judgment has already been rendered. Doing so would result in material prejudice to the Rainaldi Parties, and Plaintiff's attempt to do so should, once again, be denied.

-4-

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

In addition, as a secured creditor of NSBA DC, the Rainaldi Parties oppose Plaintiff's attempt to extend the receiver in this action to NSBA DC pursuant to the Motion in this action. NSBA DC is not a party to this action. This Court has already denied Plaintiff's attempt to amend the Judgment to name NSBA DC as a debtor thereunder. Plaintiff already has a hearing date to seek the appointment of a pre-judgment receiver in the Second Action, yet it seeks to further utilize additional court resources by re-litigating the issue in this action as well.

The appointment of receivers for a going concern is a drastic remedy and is one which should not be invoked unless there is an actual or threatened cessation or diminution of the business. *McRae v. Superior Court of Los Angeles* (1963) 221 Cal.App.2d 166, 173; *In re Jamison Steel Corp.* (1958) 158 Cal.App.2d 27, 35. The power to appoint a receiver is a delicate one which is exercised sparingly and with caution, and only in extreme cases under such circumstances as demand or require summary relief, and never in a doubtful case or where there is no necessity or occasion for the appointment. *Morand v. Superior Court* (1974) 38 Cal.App.3d 347, 350. Receivers are often legal luxuries, frequently representing an extravagant cost to a losing litigant. *Elson v. Nyhan* (1941) 45 Cal.App.2d 1, 4. When it appears that no reasonably certain benefit will result to one litigant, and a distinct disadvantage will result to another, courts should weigh carefully the propriety of appointing a receiver. *Id.* As the California Supreme Court long ago summarized: "a party to an action should not, against his will, be subjected to the onerous expense of a receiver, unless where one may be lawfully appointed and his appointment is obviously necessary to the protection of the opposite party." *De Leonis v. Walsh* (1905) 148 Cal. 254, 255.

Strong proof is essential to justify a receivership where specific and detailed evidence that the corporation's business is being successfully conducted at a profit is presented in opposition thereto. *Golden State Glass Corp. v. Superior Court of Los Angeles County* (1939) 13 Cal.2d 384, 396. A complaint based largely on generalities and conclusions of the plaintiffs and upon information and belief is insufficient upon which to appoint a receiver. *Id.*

Because of the drastic character of the remedy, the court's discretion under CCP § 564(b)(9) is not an uncontrolled one but must be exercised with due regard for the facts in a

-5-
OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

1 particular case. *Id.* at 393. This is especially true where serious injury to the name and good will
2 of a solvent going concern may result from the appointment of a receiver. *Id.* Ordinarily, if there
3 is any other remedy, less severe in its results, which will adequately protect the rights of the
4 parties, a court should not take property out of the hands of its owners. *Id.* See also *Misita v.*
5 *Distillers Corp.* (1942) 54 Cal.App.2d 244, 252 ("This power will not be exercised in a doubtful
6 case; and the remedy being a drastic one, only in case of an urgent necessity, where there is no
7 other adequate remedy, will a receiver be appointed for [a solvent, going corporation]."); *Rogers v.*
8 *Smith* (1946) 76 Cal.App.2d 16, 21 ("Receivership is an extraordinary remedy, to be applied with
9 caution and only in cases of apparent necessity, and where other remedies would be inadequate.").

10 Further, collateral estoppel precludes relitigation of issues argued and decided in prior
11 proceedings. *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341. Plaintiff has already sought the
12 addition of NSBA DC as a debtor under the Judgment. This Court has already denied it. Plaintiff
13 now seeks the extraordinary remedy of obtaining appointment of a receiver over an entity to which
14 this Court has already determined that Plaintiff does not have a judgment. The court should once
15 again deny Plaintiff's request and permit the issue of whether or not Plaintiff is entitled to such an
16 extraordinary remedy to be determined in connection with the Second Action in which NSBA DC
17 and the Rainaldi Parties are actually named parties, and doing so would appear cause only minimal
18 delay to Plaintiff in light of its already scheduled hearing in that action.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**III.   CONCLUSION**

For the reasons set forth herein, the Rainaldi Parties respectfully request that the Motion be denied.

Dated: November 23, 2020

                              WALLIN & RUSSELL LLP

                          By   _____

                                       JOHN C. RUSSELL

                               Attorneys for Interested Parties
VENTURE RESOURCES CONSULTING, LLC and
JOHN L. RAINALDI, individually and as trustee of the
Rainaldi Family Trust

-7-

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 26000 Towne Centre Drive, Suite 130, Foothill Ranch, CA 92610.

On November 23, 2020, I served a true and correct copy of the following document(s), entitled:

1. RAINALDI PARTIES' OPPOSITION TO THE MOTIVAGROUP, INC.'S MOTION TO CONSOLIDATE AND TO EXTEND RECEIVERSHIP TO NSBA DC

on the interested parties in this action in the manner described as follows:

Mitchell S. Wagner
Attorney at Law
3771 Boone Court
San Diego, CA 92117
Email: mitchwagner57@gmail.com
Attorney for Plaintiff
The Motiva Group, Inc.

Manuel Ramirez
Email: mlr@ramirez-lawfirm.com
Attorney for Defendants
Michael Patrick Holleran and
National Small Business Alliance, Inc.

Gary Roberts
Email: garyrobertsmisc@gmail.com
Attorney for Defendant
Michael Patrick Holleran

☐ BY OVERNIGHT DELIVERY (FEDERAL EXPRESS): By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth above and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery by no later than the next day before 5:00 p.m.

☒ BY ELECTRONIC MAIL: I caused the foregoing document to be transmitted to the person(s) at the electronic address(es) listed above in PDF format from my electronic address, jrussell@wallinrussell.com.

☒ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 23, 2020 at Foothill Ranch, California.

_____
John Russell

OPPOSITION TO MOTION TO CONSOLIDATE AND
TO EXTEND RECEIVER TO NSBA DC