The order below is hereby signed.

Signed: June 29 2022



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 21-00031-ELG |
| **National Small Business Alliance, Inc.,**<br>**Debtor.** | **Chapter 11** |

## MEMORANDUM OPINION AND ORDER REVOKING THE
## DEBTOR'S SUBCHAPTER V AND SMALL BUSINESS DESIGNATIONS

The issue before the Court appears to be one of first impression under subchapter V of chapter 11, 11 U.S.C. §§ 1181 – 1195 ("Subchapter V") of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").[1] By enacting Subchapter V, Congress intended "to streamline the process by which small business debtors reorganize and rehabilitate their financial affairs." H.R. Rep. No. 116-171, at 1 (2019). However, the proceedings in this case have been anything but streamlined. Throughout the first fourteen months of this case there were over 300 docket entries, the Debtor was dispossessed on April 30, 2021, five plans of reorganization were filed by the Debtor in consultation with the subchapter V trustee, and the Debtor was found to be the alter ego of two other entities. Much of the early litigation in this case culminated in a three-day combined evidentiary hearing (the "Hearing") on (a) confirmation of the *Debtor's Fifth*

---

[1] All section references herein shall be to the Bankruptcy Code unless otherwise noted.

*Amended and Revised Plan of Reorganization for Small Business under Chapter 11* (ECF No. 225) (the "Fifth Amended Plan"), (b) the *Motion to Approve Compromise Under Rule 9019* (ECF No. 126), (c) the *Motion to Dismiss Case* (ECF No. 229) (the "Motion to Dismiss"), and (d) the *Motion to Convert Case to Chapter 7* (ECF No. 232). At the conclusion of the Hearing, the Court denied confirmation of the Fifth Amended Plan because the Debtor failed to meet its burdens under §§ 1129(a) and 1191 and found it neither in the best interest of the creditors nor the estate to convert this case to chapter 7, or to dismiss this case. However, given the length of this case and the Debtor's inability through the conclusion of the Hearing to propose a confirmable Subchapter V Plan, and upon consideration of the Motion to Dismiss, the Court found that it *was* in the best interest of creditors and the estate to: (i) revoke the Debtor's designation under Subchapter V and as a small business debtor under § 101(51D); (ii) for the case to proceed under chapter 11 of the Bankruptcy Code; and (iii) upon revocation of the designation, order the appointment of a standard chapter 11 trustee. On April 18, 2022, the Court entered its order revoking the Debtor's Subchapter V designation and ordering the appointment of a chapter 11 trustee, which stated it would be supplemented by a further memorandum of law. *Order Revoking Subchapter V and Small Business Designations*, ECF No. 284 (the "Revocation Order"). This Memorandum sets forth the Court's findings and conclusions of law made at the Hearing and supplements the Order entered on April 18, 2022.

## I.    Background

The Debtor operates a membership-based business that provides referrals, marketing assistance, and other support services to its member small businesses (the "Members"). At all times during this case, the Debtor has had between 700 and 750 Members. When the Debtor filed for bankruptcy on January 31, 2021, it elected to file under Subchapter V and designate itself as a

small business debtor under § 101(51D) by checking the "small business debtor" box on Official

Form 101. Debtor's Pet., ECF No. 1. On February 12, 2021, the Court entered a *Scheduling Order*

(ECF No. 21), setting forth the relevant deadlines and scheduling an initial status conference in

the case. Under the Scheduling Order and § 1189(b), the Debtor was to submit a chapter 11 plan

of reorganization by May 1, 2021. Scheduling Order at ¶ 9, ECF No. 21. However, due to a

multitude of factors, including ensuing litigation and this Court's eventual dispossession of the

Debtor, the Debtor did not file its first *Chapter 11 Small Business Plan of Reorganization* (ECF

No. 164) until July 25, 2021. *See* Order Dispossessing Debtor, ECF No. 89. The Debtor

subsequently filed four more amended plans, eventually culminating in the Fifth Amended Plan.

*See* ECF Nos. 170, 185, 207, 210. The various amended plans drew objections from creditors and

the Office of the United States Trustee. *See* ECF Nos. 176, 201, 243.

On March 1, 2022, the Court convened the Hearing at which the Debtor, Venture Resources

Consulting, LLC ("VRC"), the Motiva Group, Inc. ("Motiva"), and the Subchapter V Trustee

participated. Despite hours of testimony and hundreds of pages of documents, there was almost no

discussion in the Hearing of the impact of the proposed plan or the other pending motions on the

Members of the Debtor. Instead, the Hearing served as a continuation of the long-pending litigation

between the Debtor and VRC on one side, and Motiva on the other. After a continuance of the

Hearing, the submission of post-hearing briefs, and closing arguments, the Court denied

confirmation of the Fifth Amended Plan. *See* ECF No. 284. Upon denial of confirmation, at the

Hearing, the Court next had to take up the question of whether conversion or dismissal under §

1112 was appropriate given the length of the pendency of the Subchapter V case and the Debtor's

failure to propose a confirmable Subchapter V plan. For the reasons set forth on the record at the

Hearing and the Revocation Order, as more fully set forth herein, the Court finds that revocation

of the Subchapter V election and immediate appointment of a chapter 11 trustee is in the best interest of creditors and the estate.

## II.    Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

## III.    Discussion

a. *Legal Standards*

The question in this case appears to be one of first impression under Subchapter V – whether a court may revoke the Subchapter V designation made by a debtor in its petition. The vast majority of the initial decisions under Subchapter V focused on the opposite issue, whether a debtor in a case initiated prior to the enactment of Subchapter V was eligible after the enactment of Subchapter V to amend their petition to proceed under Subchapter V rather than under ordinary chapter 11. *See, e.g.*, *Hall L.A. WTS, LLC v. Serendipity Labs, Inc. (In re Serendipity Labs, Inc.)*, 620 B.R. 679, 682 (Bankr. N.D. Ga. 2020); *In re Trepetin*, 617 B.R. 841, 844 (Bankr. D. Md. 2020). In general, courts found that an eligible debtor could not convert to Subchapter V, but could instead remain in chapter 11 and amend their petition to elect to proceed under Subchapter V. *See In re Peak Serum, Inc.*, 623 B.R. 609, 616 (Bankr. D. Co. 2020); *Seven Stars on the Hudson Corp.*, 618 B.R. 333, 342 at n.58 (Bankr. S.D. Fla. 2020) ("[A] debtor elects to proceed under Subchapter V by amending its petition – as opposed to converting its case from one chapter of the Bankruptcy Code to another chapter . . . ."). Thus, the converse is applicable in this case. The Court cannot

order that the Debtor convert to "standard" chapter 11, but instead must order that the Debtor's petition be amended to revoke the election to proceed under Subchapter V. *See, e.g.*, *Hall L.A. WTS, LLC v. Serendipity Labs, Inc. (In re Serendipity Labs, In*c), 620 B.R. 679 (Bankr. N.D. Ga. 2020) (ordering the Subchapter V election revoked and the debtor to proceed under the applicable provisions of chapter 11 case where debtor was ineligible for Subchapter V).

Section 1185 specifically provides for the dispossession of a debtor in possession while remaining in Subchapter V, but nothing in Subchapter V discusses the revocation of election to proceed thereunder by the Court or any other party. *See* 11 U.S.C. § 1185 ("On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter."). Therefore, similar to the cases that examined whether a debtor could elect Subchapter V after the filing of the petition,[2] the Court must look to chapter 11 and the Bankruptcy Code as a whole to determine the election by a debtor to proceed under Subchapter V may be revoked post-petition.

While revocation of a Subchapter V election is not specifically set out in the Bankruptcy Code, if a petition may be amended to elect to proceed under Subchapter V post-petition, logically it follows that the opposite must also be an option for debtors and courts. Various sections of the Bankruptcy Code allow for a debtor to seek conversion from one chapter to another if the debtor is an eligible debtor under such chapter. 11 U.S.C. §§ 706, 1112, 1208, 1307. While revocation of the Subchapter V election is not conversion, the treatment and requirements under chapter 11 and

---

[2] *See In re Ventura*, 615 B.R. 1, 13 (Bankr. E.D.N.Y. 2020); *In re Trepetin*, 617 B.R. at 847.

Subchapter V are materially different, much like the differences in chapters under the Bankruptcy Code. *See, e.g., In re Trepetin,* 617 B.R. at 843 ("Subchapter V . . . offers small business debtors . . . a streamlined process and tailored tools for confirming a plan."). Therefore, the Court finds that the ability to revoke a Subchapter V election is consistent with the Bankruptcy Code but also the Congressional goals of ensuring that Subchapter V cases provide a quicker reorganization process. If a debtor discovers post-petition that it is unable to meet the deadlines of Subchapter V, the option to revoke such designation provides the ability to continue to attempt to reorganize under the rigors and requirements of standard chapter 11.

Further, the Court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). A court may rely on § 105(a) as authority where "the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." *Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 403 (1st Cir. 2002). The Court's authority under § 105(a) "may be used to ensure that 'a result that the Code clearly required' is achieved." *In re Red River Energy, Inc.*, 409 B.R. 163, 185 (Bankr. S.D. Tex. 2009) (quoting *Perez v. Peake*, 373 B.R. 468, 488 (S.D. Tex. 2007)). In a situation where a Debtor has elected Subchapter V status but is either (a) not eligible or (b) cannot meet the deadlines and requirements thereof, allowing for the revocation of the Subchapter V designation so that the debtor may proceed under standard chapter 11 is consistent with the right conferred to a debtor in the Bankruptcy Code to convert a case to another chapter therein. *See* 11 U.S.C. § 1112(a). There are benefits to both debtors and creditors to allow a case to remain under chapter 11 with a revocation of the Subchapter V election

in lieu of requiring a debtor to have its case dismissed and immediately refiled.[3] Thus, in the appropriate situations and based upon a totality of the circumstances, the Court is able order the revocation of the Debtor's Subchapter V election, even where the revocation is not specifically provided for in the Bankruptcy Code.

b.  *The Debtor Cannot Proceed Under Subchapter V*

As previously noted, the Debtor's case has not progressed with the expediency Subchapter V case are expected to achieve. This case has been largely dominated by two very active creditors – one secured and one unsecured – attempting to litigate claims amongst themselves and against the Debtor, without regard to the Debtor's estate as a whole or the Members. The proceedings in this case, including the vast majority of the evidence and arguments made for and against confirmation of the Debtor's Fifth Amended Plan, have, for the most part, ignored the rights and interests of the dues-paying Members. The Members' continued payment of dues contributes the only significant value to the Debtor's business operations and those same Members stand to lose the most – the services they have dutifully paid for – if this case is converted or dismissed.

Conversion would likely result in the immediate termination of membership services and dismissal would once again throw the Debtor (and its Members) right back into the fray of the state court litigation that existed before the case was filed. Therefore, the Court finds that it is in the best interest of creditors and the estate that the Debtor remain in chapter 11 rather than liquidate under chapter 7 or be dismissed. Not only will the Debtor's continuation in chapter 11 preserve the only value currently held by the Debtor – the Members – but any liquidation or other

---

[3] Such advantages include: lack of a requirement to pay a second filing fee; removing the need to reapply for employment of professionals, re-file first day motions, or re-file proofs of claim; and avoidance of automatic stay issues upon refiling, particularly in individual cases. Additionally, given the length of time the case was pending in Subchapter V, there are several issues that have been decided that would necessarily need to be relitigated were the case to be dismissed and the Debtor subsequently refile.

disposition of the Debtor's only assets would result in little-to-no value to be distributed to creditors. The Debtor, even though dispossessed, had five attempts to propose a confirmable plan in this case, but the Fifth Amended Plan considered at the Hearing could not be confirmed. Based upon a review of the evidence presented at the Hearing and the arguments of the parties both during the Hearing and in their briefs, it is clear that the Debtor has a committed client base with significant potential for growth, even in the internet-age. It is also clear from the record that the Debtor's management should _not_ be repossessed with operational control of the Debtor, and therefore, appointment of a chapter 11 trustee is necessary immediately upon revocation of the Subchapter V election. 11 U.S.C. § 1104(a).

### IV.    Conclusion

Based upon the foregoing, the Court hereby revokes the Debtor's case designation as a small business debtor under § 101(51D) and as a debtor under Subchapter V of chapter 11, and a chapter 11 trustee should be appointed by the United States Trustee.[4] The chapter 11 trustee is directed to amend the voluntary petition accordingly.

[Signed and dated above.]

---

[4] On April 22, 2022, after entry of the *Order Revoking the Debtor's Subchapter V and Small Business Designation*, but prior to issuance of this Memorandum, the Court entered its *Order Approving Appointment of Marc E. Albert as Chapter 11 Trustee* (ECF 288).