Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Venture Resources*
*Consulting, John Rainaldi, and*
*the Rainaldi Family Trust*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 21-31-ELG |
| | ) | (Chapter 11) |
| National Small Business Alliance, Inc. | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO TRUSTEE'S MOTION TO CONVERT CASE
TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b) *and* OPPOSITION
TO U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE**

Come now Venture Resources Consulting, LLC, John Rainaldi and John Rainaldi in his capacity as trustee of the Rainaldi Family Trust (collectively, the "Rainaldi Parties"), by and through undersigned counsel, and in opposition to (i) the Trustee's Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) (the "Trustee Motion," as found at DE #403) and (ii) the U.S. Trustee's Motion to Dismiss Chapter 11 Case (the "UST Motion," as found at DE #404) state as follows:

It appears the debtor has failed to expand its business operations in a manner sufficiently lucrative to realize the entirety of the ambitions originally set forth in the subject plan of reorganization. The debtor does, however, continue to accrue significant – even if waning – income, of a largely passive nature, that can be strategically harvested to pay creditors herein. As

1

extrapolated upon *infra*, and as will be further elucidated at a hearing upon the two motions, both dismissal and conversion would be improper when National Small Business Alliance, Inc. ("NSBA" or the "Debtor") can continue to operate in a manner that will yield funds to pay creditors.

Specifically, it appears the Debtor is capable of producing approximately $24,000.00 in revenue per month on a go-forward basis, with that number likely to drop 10% every six months. Over a 24 month horizon, this would fetch approximately $495,216.00 in gross revenue. The number grows even larger if projected over a 36 or 48 month horizon, even accounting for a continued drop in gross revenue.

If the Debtor is to pay its one administrative employee a salary of $2,000.00 per month (consistent with the status quo), pay $5,810.79 toward the secured claim of the Internal Revenue Service (the "IRS") on a monthly basis, pay $691.13 toward the priority claim of the IRS on a monthly basis, pay $2,169.88 toward the claim of California's taxing authority on a monthly basis, and pay $1,365.00 in other operating expenses each month, the Debtor would have a monthly net income of $11,963.20 for each month in which revenues remain at the $24,000.00 level, and would continue to have a net-positive income until such a time as revenues dwindle beneath $12,036.80.

Upon information and belief, the Debtor's chief executive would be amenable to accepting payment as a percentage of net income on a go-forward basis, splitting such monies with the creditor base herein. And this would, thusly, allow creditors to realize payments of $127,035.00 (based on the projected 10% diminution in revenue every six months) over a two year basis, *after* making payments to administrative creditors.

Stated otherwise, growth may not be in the cards for NSBA and it is, perhaps, time to alter operations so as to allow for a strategic wind up of affairs in a manner that maximizes the passive

income the Debtor is capable of producing. But there is still significant money that can be made available to priority creditors (sufficient to retire their claims, *en toto*, within five years of the petition date), while also furnishing other creditors with distributed funds. And there is accordingly not cause to convert this case to Chapter 7, or to allow dismissal, at this time. To the contrary, dismissing this case would simply return the Debtor to the helm of its dispossessed equity interest, invite legal proceedings attendant to UCC liens, and deprive creditors – including taxing authorities – of significant monetary distributions.

The Rainaldi Parties look forward to further advancing these arguments at a hearing on the Trustee Motion and the UST Motion.

Respectfully submitted,

Dated: July 26, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Venture Resources Consulting*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2023, a copy of the foregoing was served electronically upon filing via the ECF system

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3