**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **IN RE:** | ) | **21-00031-ELG** |
| **NATIONAL SMALL BUSINESS** | ) | |
| **ALLIANCE, INC..,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**MOTION OF CHAPTER 7 TRUSTEE**
**FOR AUTHORITY TO OPERATE BUSINESS**

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy

estate of National Small Business Alliance, Inc. ("Debtor"), by and through proposed counsel

McNamee Hosea, P.A., and as his Application to Authorize Retention of Realtor Pursuant to 11

U.S.C. §327, respectfully submits the following:

1. This case commenced on January 31, 2021, when the Debtor filed a voluntary

petition for relief under Chapter 11 of the United States Bankruptcy Court. The case converted

to Chapter 7 on August 18, 2023.

2. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. The Debtor's history is well known to this Court.[1] The Trustee has cut and pasted

the section of the Debtor's history from the Court-approved disclosure statement [Docket No.

358, pages. 2-3] into the footnote below.

---

[1] NSBA is a corporation formed pursuant to the laws of the District of Columbia on January 22, 2002. The
Debtor operates a nationwide online network through which various small businesses are furnished preferred rates
on a curated series of support services, while the Debtor also provides bespoke counseling to the various

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed counsel to the Trustee*

4.      The Debtor has been dispossessed, and the Chapter 11 trustee, Marc Albert has

been in control of the Debtor post-confirmation.  After consultation with Mr. Albert, the Trustee

believes he will need to operate the Debtor for a short period of time to allow a sale to proceed.

5.      The Office of the United States Trustee's guidelines suggest that the Trustee

obtain approval to operate this Debtor's business pursuant to 11 U.S.C. § 721.

6.      The Debtor's assets are believed to be insured.

7.      The Debtor is down to a staff of two people, who are paid on a weekly basis.  The

weekly payroll is $3,500 per week.

---

entrepreneurs comprising its membership. NSBA provides services to thousands of small businesses nationwide, and its active members pay dues on an annual or semi-annual basis, and thusly performs a vital vetting function in aiding members of the small business community in search of reputable support services ranging from payroll administration to digital advertising. and it has A+ rating with The Better Business Bureau (BBB), representing BBB's degree of confidence that the business is operating in a trustworthy manner. The Debtor has historically been reliant on various third-party telemarketing partners to help spread information about NSBA's services and attract a greater membership base. Equally, the Debtor also uses a third-party service to process its membership dues; over its nearly 20-year existence, the Debtor has looked to various banking partners to facilitate its depository operations. Similarly, since 2008, NSBA has worked with Venture Resources Consulting, LLC ("VRC") and John Rainaldi to obtain critical funding services through the provision of several debt facilities. While the Debtor has previously had liquidity issues at various points in its existence, it has generally been sufficiently profitable in nature so as to provide for the payment of overhead expenses, to stay current on debt service payments, and to pay its principals. When the Debtor had certain issues managing its accounts payable and cash flow, it did engage the advisory services of VRC for a brief period of time. Throughout its history, the Debtor has had two meaningful interactions with the judicial system prior to this bankruptcy case. On one occasion, VRC and Mr. Rainaldi brought suit against NSBA for various loan obligations that were then in default; this litigation was amicably resolved through a settlement agreement. On another occasion, The Motiva Group, Inc. ("Motiva") brought suit against the Debtor and certain related entities for, inter alia, the nonpayment of monies due and owing on account of services rendered. This litigation led to the imposition of a default judgment, the post-judgment imposition of punitive damages, and the appointment of a receiver. As with many other small businesses, the COVID-19 pandemic created significant challenges for the Debtor. The loss of revenues caused by the pandemic combined with the actual and threatened cost of multiple litigation by Motiva forced the Debtor to commence this bankruptcy case under Chapter 11 (Subchapter V) of the Bankruptcy Code on January 31, 2021, in order to address all of the claims of its disparate creditors in one uniform proceeding and to reorganize in this Honorable Court. On July 29, 2021, the Court entered a Judgment (the "Alter Ego Judgment") in Adversary Proceeding No. 21-10017 (the "Alter Ego Adversary") declaring that two entities related to the Debtor and associated with the previous litigation brought by Motiva, National Small Business Alliance, a California corporation ("NSBA SD"), and Global Impact Group, Inc., a District of Columbia corporation ("Global," and together with NSBA SD, the "Alter Ego Entities"), were alter ego entities of the Debtor. As a consequence, all assets and liabilities of the Alter Ego entities are considered assets and liabilities of the Debtor and are part of the Debtor's bankruptcy estate Proceeds to be generated from the continuing operation of the Debtor's business under possession by the Trustee, including increased revenue projected to be derived from a postpetition financing arrangement the Debtor has secured with its primary secured creditor allowing for the Debtor to engage call center employees to drive increased membership sales, will form the basis for the funding of the Plan.

## **Authority and Need to Operate**

8.      11 U.S.C. § 721 provides that "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

9.      At this stage of this case the Trustee believes that if any value is to be received for the assets of the estate, such value will best be realized by a sale of the Debtor's assets.

10.     The Trustee desires to operate the business of the Debtor for a period of time in order to evaluate the merits of liquidating the Debtor.

11.     The Trustee, subject to seeking further relief, desires to operate the business of the Debtor through October 21, 2023.

12.     The Trustee, in order to maintain the going concern value of the business, also seeks to pay pre-conversion payroll and maintain the previous pre-conversion bank accounts maintained by the previous chapter 11/plan trustee.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto authorizing the operation of the Debtor's business through October 21, 2023, in accordance with 11 U.S.C. § 721, allowing the Trustee to pay pre-conversion payroll and maintain the previous pre-conversion bank accounts maintained by the previous chapter 11/plan trustee; and for such other and further relief as is just and proper.

Dated: August 21, 2023                        Respectfully submitted

                                              /s/ Justin P. Fasano
                                              Janet M. Nesse (D.C. Bar 358514)
                                              Justin P. Fasano (DC Bar MD21201)
                                              McNamee Hosea
                                              6404 Ivy Lane, Suite 820
                                              Greenbelt, MD 20770
                                              (301) 441-2420
                                              jnesse@mhlawyers.com
                                              jfasano@mhlawyers.com
                                              *Counsel to the Trustee*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on August 21, 2023, I served a copy of the foregoing via first class
mail, postage prepaid, upon the following:

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314


                                              /s/ Justin P. Fasano
                                              Justin P. Fasano