**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 21-00031-ELG |
| NATIONAL SMALL BUSINESS ) | |
| ALLIANCE, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |

**NOTICE OF MOTION AND OF OPPORTUNITY TO OBJECT**

Wendell W. Webster, Trustee for the estate of National Small Business Alliance, Inc., has filed a *Motion for Entry of Order Establishing Chapter 11 Administrative Claim Bar Date and Approving Form and Manner of Notice Thereof*. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to approve the motion, or if you want the Court to consider your views on the matter, then: on or before October 6, 2023, which is 14 days after the date of filing of this motion, you or your attorney must file with the Court a written objection to the motion. You may request a hearing in connection with your objection. The objection must be filed with the Clerk of Court of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy of your objection to: Justin P. Fasano, McNamee Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt MD 20770. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order approving the motion. The Court may

1

**approve the motion without a hearing if the objection filed states inadequate grounds for denial of the relief sought in the motion. Parties in interest with questions may contact the undersigned.**

### TRUSTEE'S MOTION FOR ENTRY OF ORDER ESTABLISHING CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE AND APPROVING FORM AND MANNER OF <u>NOTICE THEREOF, AND NOTICE OF OPPORTUNITY TO OBJECT</u>

COMES NOW, Wendell W. Webster, Chapter 7 Trustee for the estate of National Small Business Alliance, Inc. (the "Debtor"), by his undersigned counsel, and in support of his *Motion for Entry of Order Establishing Chapter 11 Administrative Claim Bar Date and Approving Form and Manner of Notice Thereof* (the "Motion"), respectfully states as follows:

1. The Court has subject matter jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested is Bankruptcy Rule 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

### <u>BACKGROUND</u>

3. This case commenced on January 31, 2021, when the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court. The case converted to Chapter 7 on August 18, 2023. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

4. The Debtor's history is well known to this Court.[1] The Trustee has cut and pasted the section of the Debtor's history from the Court-approved disclosure statement [Docket No. 358, pages. 2-3] into the footnote below. On February 3, 2021, the United States Trustee appointed Marc. E. Albert ("Trustee") as Subchapter V trustee under § 1183(a) of the Bankruptcy Code. On April 18, 2022, the Bankruptcy Court entered its Order Revoking the Debtor's Subchapter V and Small Business Designation [ECF Dkt. No. 284] (the "Revocation Order"). Following the Revocation Order, the case began proceeding as a standard Chapter 11

---

[1] NSBA is a corporation formed pursuant to the laws of the District of Columbia on January 22, 2002. The Debtor operates a nationwide online network through which various small businesses are furnished preferred rates on a curated series of support services, while the Debtor also provides bespoke counseling to the various entrepreneurs comprising its membership. NSBA provides services to thousands of small businesses nationwide, and its active members pay dues on an annual or semi-annual basis, and thusly performs a vital vetting function in aiding members of the small business community in search of reputable support services ranging from payroll administration to digital advertising. and it has A+ rating with The Better Business Bureau (BBB), representing BBB's degree of confidence that the business is operating in a trustworthy manner. The Debtor has historically been reliant on various third-party telemarketing partners to help spread information about NSBA's services and attract a greater membership base. Equally, the Debtor also uses a third-party service to process its membership dues; over its nearly 20-year existence, the Debtor has looked to various banking partners to facilitate its depository operations. Similarly, since 2008, NSBA has worked with Venture Resources Consulting, LLC ("VRC") and John Rainaldi to obtain critical funding services through the provision of several debt facilities. While the Debtor has previously had liquidity issues at various points in its existence, it has generally been sufficiently profitable in nature so as to provide for the payment of overhead expenses, to stay current on debt service payments, and to pay its principals. When the Debtor had certain issues managing its accounts payable and cash flow, it did engage the advisory services of VRC for a brief period of time. Throughout its history, the Debtor has had two meaningful interactions with the judicial system prior to this bankruptcy case. On one occasion, VRC and Mr. Rainaldi brought suit against NSBA for various loan obligations that were then in default; this litigation was amicably resolved through a settlement agreement. On another occasion, The Motiva Group, Inc. ("Motiva") brought suit against the Debtor and certain related entities for, inter alia, the nonpayment of monies due and owing on account of services rendered. This litigation led to the imposition of a default judgment, the post-judgment imposition of punitive damages, and the appointment of a receiver. As with many other small businesses, the COVID-19 pandemic created significant challenges for the Debtor. The loss of revenues caused by the pandemic combined with the actual and threatened cost of multiple litigation by Motiva forced the Debtor to commence this bankruptcy case under Chapter 11 (Subchapter V) of the Bankruptcy Code on January 31, 2021, in order to address all of the claims of its disparate creditors in one uniform proceeding and to reorganize in this Honorable Court. On July 29, 2021, the Court entered a Judgment (the "Alter Ego Judgment") in Adversary Proceeding No. 21-10017 (the "Alter Ego Adversary") declaring that two entities related to the Debtor and associated with the previous litigation brought by Motiva, National Small Business Alliance, a California corporation ("NSBA SD"), and Global Impact Group, Inc., a District of Columbia corporation ("Global," and together with NSBA SD, the "Alter Ego Entities"), were alter ego entities of the Debtor. As a consequence, all assets and liabilities of the Alter Ego entities are considered assets and liabilities of the Debtor and are part of the Debtor's bankruptcy estate Proceeds to be generated from the continuing operation of the Debtor's business under possession by the Trustee, including increased revenue projected to be derived from a postpetition financing arrangement the Debtor has secured with its primary secured creditor allowing for the Debtor to engage call center employees to drive increased membership sales, will form the basis for the funding of the Plan.

case with Marc Albert as Chapter 11 trustee.  The Debtor confirmed a Chapter 11 plan, pursuant to which Mr. Albert operated the Debtor.  The day-to-day operations were managed by Raymond Longino.

5. The reorganization failed and the Debtor's was converted to Chapter 7.  During the time prior to conversion, the Debtor and Trustee employed various professionals entitled to administrative claims.

## **RELIEF REQUESTED**

6. By the Motion, the Trustee seeks entry of the Proposed Order, (i) establishing December 20, 2023 as the date (the "Chapter 11 Administrative Claim Bar Date") by which holders of Chapter 11 Administrative Claims (as defined below) against the Debtor must file a request for allowance of Chapter 11 administrative expenses with the Court; and (ii) approving the form and manner of notice of the Chapter 11 Administrative Claim Bar Date, substantially in the form attached to the Proposed Order as Schedule 1.  The proposed Chapter 11 Administrative Claims Bar Date is the same as the regular claims bar date.

7. To complete the Debtor's orderly liquidation under Chapter 7 of the Bankruptcy Code, the Trustee requires, among other things, complete and accurate information regarding the nature, validity, and amount of any unpaid Chapter 11 Administrative Claims.

8. Consequently, the Trustee requests that the Court establish the Chapter 11 Administrative Claim Bar Date and approve the Trustee's proposed related manner of notice.

9. After the Bar Date passes, the Trustee will analyze which claims are valid. The Trustee reserves his right to object to any Chapter 11 Administrative Claim on any grounds. The Trustee further reserves his right to dispute, or to assert offsets or defenses to, any claim reflected

on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

### A. Definition of Chapter 11 Administrative Claim

10.     For purposes of the Motion, the term "Chapter 11 Administrative Claim" shall mean, as the Debtor, (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured that (x) arises under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code and (y) arose (or, as applicable under relevant law, accrued) on or after the Petition Date, but prior to the Conversion Date. For the avoidance of doubt, the definition of "Chapter 11 Administrative Claim" encompasses applications for compensation for professionals.

11.     The Trustee proposes that any person or governmental unit (as those terms are defined in sections 101(41) and (27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting a Chapter 11 Administrative Claim be required to file with the Court a request for allowance of such Chapter 11 Administrative Claim on or before the Chapter 11 Administrative Claim Bar Date.

12.     The Trustee proposes that any Chapter 11 Administrative Claim not filed with the Court by the Chapter 11 Administrative Claim Bar Date be deemed disallowed, waived, and forever barred.

### B. Excluded Administrative Claims

13. The Trustee proposes that the Chapter 11 Administrative Claim Bar Date shall not apply to the following (the "Excluded Administrative Claims"):

   i. fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;

   ii. any party that has already properly filed a proof of claim, application, or other pleading with the Court that clearly sets forth that such party is asserting a Chapter 11 Administrative Claim;

   iii. any party whose Chapter 11 Administrative Claim has been allowed by a prior order of the Court;

   iv. Chapter 11 Administrative Claims that have been paid in full at any time prior to the Chapter 11 Administrative Claim Bar Date;

   v. administrative claims incurred by the Trustee or other parties on or after the Conversion Date. These claims will be dealt with separately.

**C. Notice of Chapter 11 Administrative Claim Bar Date**

14. Pursuant to Bankruptcy Rule 2002(a)(7), the Trustee proposes to mail a notice of the Administrative Claim Bar Date for filing requests for allowance of Chapter 11 Administrative Claims (the "Chapter 11 Administrative Bar Date Notice"), in a form substantially similar to the notice attached to the Proposed Order as Schedule 1, to the following parties (collectively, the "Notice Parties") within seven (7) days of the entry of the Court's order approving the Motion to: i. the United States Trustee; ii. all parties who have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002; and iii. all persons or entities that have filed claims against the Debtor; iv. all relevant taxing authorities, including the Internal Revenue Service and the District of Columbia; and viii. any additional party reasonably identified by the

6

Trustee to be entitled to notice of the Chapter 11 Administrative Claim Bar Date. The Trustee proposed not to mail the notice of the Chapter 11 Administrative Claim Bar Date to executory contract holders, as such claim would be prohibitively expensive and it is not believed they will hold administrative claims.

15. The Trustee submits that such service of the Chapter 11 Administrative Bar Date Notice will provide potential holders of Chapter 11 Administrative Claims with reasonable time to file requests for allowance of Chapter 11 Administrative Claims.

**D. Consequences for Failure to File a Request for Allowance of Chapter 11 Administrative Claim**

16. The Proposed Order provides that any person, entity or governmental unit that has a Chapter 11 Administrative Claim, but fails to submit a request for allowance of such Chapter 11 Administrative Claim by the Chapter 11 Administrative Claim Bar Date, will be forever barred, estopped, and enjoined from: (a) asserting their Chapter 11 Administrative Claim against the Debtor's estate or the Trustee; (b) asserting any claim that is a different nature or classification on account of such Chapter 11 Administrative Claim; and (c) participating in any distribution, or receiving any payment, from the Debtor, Trustee, or the estate on account of such Chapter 11 Administrative Claim.

## BASIS FOR RELIEF

17. Section 503(a) provides that "an entity may timely file a request for payment of an administrative expense." Pursuant to § 105, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of § 503(a). Read together, these two provisions authorize approval of a deadline to file administrative claims.

18. Sections 105 and 503, together with Bankruptcy Rules 2002 and 9007, permit the Court to approve the proposed Chapter 11 Administrative Claim procedures outlined above and

7

to approve the form, manner, and sufficiency of notice of the Chapter 11 Administrative Claim Bar Date.  See Fed. R. Bankr. P. 9007 (authorizing the Court to order the form and manner of notice and the time within which it must be given).  The Trustee submits that approval of the above proposed procedures and the form, manner, and sufficiency of the Chapter 11 Administrative Bar Date Notice satisfy this standard. Moreover, establishing a bar date for filing Chapter 11 Administrative Claims is a critical element for the Trustee to proceed with the orderly and efficient administration of this case for the benefit of the Debtor's estate, creditors, and other parties-in-interest.

19. The proposed Chapter 11 Administrative Claim Bar Date is approximately two months from today. The Trustee believes that this consistency will aid in his administration of the Debtor's estate. However, the requested relief does not alter, amend, or otherwise affect this Court's prior Notice of Possible Dividends and Deadline to File Proof of Claim (the "Notice of Claims Bar Date") [Docket No. 88].

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (a) granting the relief requested herein; (b) establishing December 20, 2023 as the deadline to file requests for allowance of Chapter 11 Administrative Claims; (c) approving the form and manner of the Chapter 11 Administrative Claim Bar Date Notice; and (d) granting such other and further relief as is just and proper.

Dated:  September 22, 2023                           Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com

jfasano@mhlawyers.com
*Counsel to the Trustee*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 22, 2023, I served a copy of the foregoing was served via CM/ECF, upon all parties receiving notice thereby.

                /s/ Justin P. Fasano
                Justin P. Fasano