The order below is hereby signed.

Signed: October 13 2023



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | 21-00031-ELG |
| NATIONAL SMALL BUSINESS ) | |
| ALLIANCE, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |

### ORDER ESTABLISHING CHAPTER 11 ADMINISTRATIVE CLAIM
### BAR DATE AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the Motion (the "Motion")[1] of Wendell W. Webster, Chapter 7 Trustee for the estate of National Small Business Alliance, Inc. (the "Debtor"), for entry of an order, pursuant to 11 U.S.C. §§ 105 and 503, and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002 and 9007, establishing a Chapter 11 Administrative Claim Bar Date and approving the form and manner of notice thereof, all as more fully set forth in the Motion; and this Court

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Subject to the terms and conditions of this Order, the Motion is granted.

2. Any person or governmental unit (as those terms are defined in sections 101(41) and (27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting a Chapter 11 Administrative Claim be required to file a request for allowance of such Chapter 11 Administrative Claim with the Court on or before **December 20, 2023** (the "Chapter 11 Administrative Claims Bar Date").

3. Notwithstanding the preceding paragraph, the Chapter 11 Administrative Claim Bar Date will not apply to the following (the "Excluded Administrative Claims"):

> i. fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;
> ii. any party that has already properly filed a proof of claim, application, or other pleading with the Court that clearly sets forth that such party is asserting a Chapter 11 Administrative Claim;
> iii. any party whose Chapter 11 Administrative Claim has been allowed by a prior order of the Court;
> iv. Chapter 11 Administrative Claims that have been paid in full at any time prior to the Chapter 11 Administrative Claims Bar Date; and
> v. administrative claims incurred by the Trustee or other parties on or after the Conversion Date. These claims will be dealt with separately.

4. This Order does not alter, amend, or otherwise affect this Court's prior Notice of Possible Dividends and Deadline to File Proofs of Claim (the "Notice of Claims Bar Date") [Docket No. 440].

5. The notice of Chapter 11 Administrative Claim Bar Date attached hereto as Exhibit 1 (the "Chapter 11 Administrative Claim Bar Date Notice") is hereby approved and shall be mailed to the Notice Parties no later than seven (7) days after the entry of this Order. All holders of Chapter 11 Administrative Claims, other than holders of Excluded Administrative Claims and professionals employed pursuant to 11 U.S.C. §§ 327 and/or 328, and whose compensation must be approved pursuant to 11 U.S.C. § 330, may file requests for approval of their Chapter 11 Administrative Claims on the form attached as Exhibit 2. Professionals employed pursuant to 11 U.S.C. §§ 327 and/or 328, and whose compensation must be approved pursuant to 11 U.S.C. § 330, must file formal applications for compensation by the Chapter 11 Administrative Claim Bar Date.

6. Mailing of the Chapter 11 Administrative Claim Bar Date Notice shall constitute good and sufficient notice to potential Chapter 11 Administrative Claim claimants. Upon such mailing, all potential holders of Chapter 11 Administrative Claims shall be deemed to have received constructive notice of this Order and the procedures set forth herein, including the Chapter 11 Administrative Claim Bar Date, and shall be bound by this Order and the Chapter 11 Administrative Claim Bar Date.

7. With the exception of holder of Excluded Administrative Claims, any person, entity or governmental unit that has a Chapter 11 Administrative Claim, but fails to submit a request for allowance of such Chapter 11 Administrative Claim by the Chapter 11 Administrative Claim Bar Date, will be forever barred, estopped, and enjoined from: (a) asserting their Chapter 11 Administrative Claim against the Debtor, its estate or property; (b) asserting any claim that is a different nature or classification on account of such Chapter 11 Administrative Claim; and (c)

participating in any distribution, or receiving any payment, or otherwise from the Debtor, its estate, or the Trustee on account of such Chapter 11 Administrative Claim.

8. The Trustee shall retain the right to object to any Chapter 11 Administrative Claim on any grounds. The Trustee shall further retain the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

9. Nothing in the Application, this Order or the Chapter 11 Administrative Claim Bar Date Notice shall be construed as shifting or deemed to shift the burdens of proof pertaining to Chapter 11 Administrative Claims.

10. The Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**END OF ORDER**

**WE ASK FOR THIS:**

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

# SCHEDULE 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | 21-00031-ELG |
| NATIONAL SMALL BUSINESS ) | |
| ALLIANCE, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |

### NOTICE OF ORDER ESTABLISHING
### CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE

**PLEASE TAKE NOTICE THAT:**

Any person or governmental unit (as those terms are defined in sections 101(41) and (27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting a Chapter 11 Administrative Claim in the above-captioned case is required to file a request for allowance of such Chapter 11 Administrative Claim with the Court on or before **December 20, 2023** (the "Chapter 11 Administrative Claims Bar Date"). The term "Chapter 11 Administrative Claim" shall mean, as the Debtor, (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured that (x) arises under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code and (y) arose (or, as applicable under relevant law, accrued) on or after the Petition Date, but prior to the Conversion Date. For the avoidance of doubt, the definition of "Chapter 11 Administrative Claim" encompasses applications for

compensation for professionals. Notwithstanding the preceding paragraph, the Chapter 11 Administrative Claim Bar Date will not apply to the following (the "Excluded Administrative Claims"):

> i. fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;
> ii. any party that has already properly filed a proof of claim, application, or other pleading with the Court that clearly sets forth that such party is asserting a Chapter 11 Administrative Claim;
> iii. any party whose Chapter 11 Administrative Claim has been allowed by a prior order of the Court;
> iv. Chapter 11 Administrative Claims that have been paid in full at any time prior to the Chapter 11 Administrative Claims Bar Date; and
> v. administrative claims incurred by the Trustee or other parties on or after the Conversion Date. These claims will be dealt with separately.

This Notice does not alter, amend, or otherwise affect this Court's prior Notice of Possible Dividends and Deadline to File Proofs of Claim (the "Notice of Claims Bar Date") [Docket No. 440].

With the exception of holder of Excluded Administrative Claims, any person, entity or governmental unit that has a Chapter 11 Administrative Claim, but fails to submit a request for allowance of such Chapter 11 Administrative Claim by the Chapter 11 Administrative Claim Bar Date, will be forever barred, estopped, and enjoined from: (a) asserting their Chapter 11 Administrative Claim against the Debtor, its estate or property; (b) asserting any claim that is a different nature or classification on account of such Chapter 11 Administrative Claim; and (c) participating in any distribution, or receiving any payment, or otherwise from the Debtor, its estate, or the Trustee on account of such Chapter 11 Administrative Claim.

**SCHEDULE 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: ) | **21-00031-ELG** |
| **NATIONAL SMALL BUSINESS** ) | |
| **ALLIANCE, INC.,** ) | **CHAPTER 7** |
| ) | |
| Debtor. ) | |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM[2]**

1. Name of Claimant (the person or other entity to whom the estate owes money):

2. Name and address where notices should be sent:

Telephone number: _____

E-Mail:

3. Name and address where payment should be sent (if different from above):

Telephone number:

E-mail:

4. Amount of claim (after taking into account payments already received):

---

[2] Do not use this form to assert a claim that arose before the filing of the petition on January 31, 2021. Claims like that must be asserted via a proof of claim (Official Form No. B10) available at the clerk's office, on the court's website, www.dcb.uscourts.gov, under the link regarding "Statutes, Rules, Forms, Guides, etc," and on the U.S. Courts website, www.uscourts.gov.

5. Date or dates on which claim was incurred:

_____

6. Basis of claim (type of debt or how it was incurred) (this form should not be used to assert a claim that arose before the commencement of the bankruptcy case, for which you must use a proof of claim, Official Form No. 10.):

_____

_____

[Attached are \_\_\_ additional sheet(s) when needed .]

7. Documents: Attached, with any required redactions[3] are copies (totaling _____ page(s)) of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts . DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain:

8. Signature: Check the appropriate box. ' I am the claimant. ' I am the claimant's authorized agent.

---

[3] A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A claimant must show only the last four digits of any social-security, individual's tax identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

I declare under penalty of perjury that the information provided in this Request for Payment of Administrative Claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____

Title: _____

Company: _____

Address and telephone number (if different from notice address above):

Address: _____

Telephone number: _____

E- Mail:_____

(Signature)

(Date)

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571