Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel:  (202) 728-3023
Fax:  (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>National Small Business Alliance, Inc.,<br><br><br>Debtor. | Case No. 21-00031-ELG<br>Chapter 11 |

**CHAPTER 11 TRUSTEE'S SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES TO CHAPTER 11 TRUSTEE FOR THE PERIOD FROM NOVEMBER 16, 2022 THROUGH AUGUST 18, 2023**

Marc E. Albert, the previous Chapter 11 Subchapter V Trustee and Chapter 11 Trustee for the bankruptcy estate of National Small Business Alliance, Inc. (the "Trustee" or "Applicant"), through counsel, hereby makes his second and final application (the "Application"), for allowance of compensation based on the statutory commission schedule set forth in 11 U.S.C. § 326 in the amount of $10,611.11 based on disbursements of the estate made during the period of November 16, 2022 through August 18, 2023 and corresponding with the day after confirmation of the Trustee's Chapter 11 Plan and the conversion of the case to chapter 7.

I. **BACKGROUND**

The Debtor is a corporation formed pursuant to the laws of the District of Columbia, and operates a nationwide online network through which various small businesses are furnished preferred rates on a curated series of support services and also provides bespoke counseling to the various entrepreneurs comprising its membership. Since 2008, the Debtor has worked with

Venture Resources Counseling, LLC("VRC") and John Rainaldi ("Rainaldi") to obtain critical funding services through the provision of several debt facilities and engaged the advisory services of VRC for a brief period of time when the Debtor had certain issues managing its accounts payable and cash flow. Prior to the Debtor's bankruptcy filing, VRC and Mr. Rainaldi brought a suit against the Debtor for various loan obligations that were then in default but later settled with the Debtor through a settlement agreement. The Motiva Group, Inc. ("Motiva") brought a suit against the Debtor and certain related entities for the non-payments of monies due and owning on account of services rendered, which led to the imposition of a default judgment, the post-judgment imposition of punitive damages, and the appointment of a receiver. Motiva also brought litigation against the Debtor, Holleran, VRC, Rainaldi, and Global Impact Group, Inc. for fraudulent transfer, that was previously pending before the San Diego Superior Court ("Superior Court Litigation").

While the Bankruptcy Case proceeded in Subchapter V, on February 3, 2021, the United States Trustee appointed Marc. E. Albert as Subchapter V trustee ("Trustee") [ECF Dkt. No. 12]. On April 27, 2021, Motiva, VRC and Trustee filed a joint motion for removal of the Debtor as debtor-in-possession [ECF Dkt. No. 84] and the trustee's promotion to trustee in possession, which was approved by the Court on April 30, 2021 [ECF Dkt. No. 89]. On April 18, 2022, the Court entered an Order revoking the Debtor's Subchapter V and small business designation [ECF Dkt. No. 284]. On April 22, 2022, the United States Trustee appointed Marc E. Albert as Chapter 11 Trustee [ECF Dkt. No. 287]. While serving in his capacity as Subchapter V Trustee, the trustee's services were compensated on an hourly lodestar basis. Pursuant to orders entered on November 15, 2021 [ECF Dkt. No. 221] and August 31, 2022 [ECF Dkt. No. 367] approving a final application for compensation for his role as Subchapter V Trustee, the Trustee was awarded a total of $71,000.00 in fees and expenses, which have been paid. Following revocation of the Debtor's

status as a Subchapter V debtor, the Trustee was able to secure confirmation of a Chapter 11 plan of Reorganization through a confirmation order entered on November 15, 2023 [ECF Dkt. No. 387], under which the Trustee was to serve as trustee and disbursing agent under the confirmed plan. Previously, the Trustee filed for approval of interim trustee commission for his service as Chapter 11 Trustee (non-Subchapter V) and the allowance and payment of such commission based on disbursements made from the Debtor estate during the period from April 19, 2022 through confirmation of the plan on November 15, 2022. [See ECF Dkt. No. 395]. An order approving interim commission to the Trustee was entered on January 6, 2023 awarding compensation in the amount of $14,327.85 [ECF Dkt. No. 399]. With this application, the Trustee now applies for his remaining commission for disbursements made by the business from November 16, 2022 through August 18, 2023, and corresponding with confirmation of the Trustee's plan and conversion of the case to Chapter 7. [*See* ECF Dkt. 413]. The amount of disbursements that occurred during this period have been calculated using the various Monthly and Quarterly Post-Confirmation Operating Reports filed by the Trustee on behalf of the estate for this period.

**II.     Calculation of Compensation.**

Under section 326(a) of the Bankruptcy Code, the Trustee's compensation is calculated as a commission.[1]

The total disbursements for §326 compensation calculation is computed as follows:

---

[1] Section 326(a) provides: "In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

## COMPUTATION OF COMPENSATION AND EXPENSES

| | |
|---|---:|
| Total compensable disbursements: | $212,222.25 |
| Minus: | |
|    Exemptions paid to Debtor - | 0.00 |
|    Surplus to Debtor - | 0.00 |
|    Other - | 0.00 |
| Total disbursements for §326 compensation calculation | $212,222.25 |

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows: (For cases filed after October 21, 1994)[2]

| | | | | | |
|---|---|---:|---|---|---:|
| Receipts | $ | 212,222.25 | | $ | |
| Balance | $ | 212,222.25 | 5% of next 950,000 | $ | 10,611.11 |
| Less | | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ | 0.00 | 3% of balance | $ | 0.00 |

| | | |
|---|---|---:|
| Total Compensation Requested | $ | 10,611.11 |
| BALANCE OF COMPENSATION DUE | $ | 10,611.11 |

TRUSTEE'S EXPENSES (ITEMIZED):

| | | |
|---|---|---:|
| COPIES ( 0.00 EACH at $0.20 ) | $ | 0.00 |
| POSTAGE ( 0.00 EACH at $0.45) | $ | 0.00 |
| TOTAL EXPENSES CLAIMED | $ | 0.00 |
| TOTAL REQUESTED COMPENSATION AND EXPENSES | $ | 10,611.11 |

---

[2] The Trustee's First Interim Application for Compensation [ECF Dkt. No. 395] sought a commission of $14,327.85 for disbursements during the application period of that application totaling $221,557.00. This second and final application, therefore, begins its disbursement calculation pursuant to 11 USC § 326 where the last calculation left off - in the third tier of the calculation (5%).

The Trustee's disbursements made during the Application Period were calculated using the various previously filed Monthly Operating Reports and Post-Confirmation Operating Reports filed on behalf of the estate. *See Operating Reports*, ECF Dkt. Nos. 392, 397, 402, 407, 438.

## II.    SERVICES RENDERED

During the period covered by this application, the Trustee (1) reviewed documents and information related to the Debtor on the matter; (2) monitored the relative business health of the Debtor business through communication and weekly reporting to the Trustee by Debtor management; (3) monitored the Debtor's progress in meeting certain benchmarks pursuant to projections provided in the confirmed Chapter 11 plan;  and (4) Upon the Debtor failing to meet those benchmarks, sought either dismissal or conversion of the case to Chapter 7, which after a hearing on the Trustee's Motion, the Court converted the case to Chapter 7.[3]

The Trustee is filling this final fee application for the Trustee's efforts as Chapter 11 Trustee and disbursing agent under the plan post-confirmation.to date and the disbursements made through confirmation of the Trustee's Plan for the Debtor.

## III.    Trustee's Remaining Administrative Claim

The trustee has previously received payment for his approved fees during the period in which he served as Subchapter V Trustee in the amount of $71,000.00. For the period in which the Trustee served as Chapter 11 trustee, he was previously awarded $14,327.85 in commission, of which he has received payment on to-date totaling $4,848.95. Therefore, assuming the commission sought in this application is approved, the remaining amount of unpaid commission to the Trustee representing an administrative claim of the estate is $20,090.01.

---

[3] A more detailed description of various matters undertaken by the Trustee in the case, with assistance from counsel, may be found in final fee application for Stinson LLP as counsel to the Chapter 11 Trustee, which is being filed contemporaneously with this application for the Trustee.

**WHEREFORE**, for all of the foregoing reasons, the Trustee requests that this Court enter an order:

a. approving the compensation as sought herein; and

b. granting such other and further relief as this Court may deem just, equitable and proper.

Dated: November 8, 2023

Respectfully submitted,

/s/ Joshua W. Cox
Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3023
Fax: (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Chapter 11 Trustee's Second and Final Application for Compensation and Reimbursement of Expenses to Trustee for the Period from November 16, 2022 through August 18, 2023 was served by first class mail, postage prepaid on November 8, 2023, upon the following:

Arthur P. Lander
300 N. Washington St. #104
Alexandria, VA 22314

Andrea Campbell Davison
Bean, Kinney & Korman, P.C.
2311 Wilson Boulevard
5th Floor
Arlington, VA 22201

Jeffery T. Martin
Tayman Lane Chaverri LLP
601 13th Street NW
Suite 900 South
Washington, DC 20005

Eric Chibueze Nwaubani
1629 K Street, NW
#300
Washington, DC 20006

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

Bradford F. Englander
Whiteford Taylor & Preston LLP
3190 Fairview Park Drive
Suite 800
Falls Church, VA 22042

Kristen S. Eustis
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314

Wendell W. Webster, Trustee
1101 Connecticut Avenue, NW
Suite 402
Washington, DC 20036

Justin Philip Fasano
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070

      /s/Joshua W. Cox
      Joshua W. Cox