Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3023
Fax: (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 21-00031-ELG |
| National Small Business Alliance, Inc., ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**SECOND AND FINAL APPLICATION FOR APPROVAL OF
COMPENSATION OF STINSON LLP AS CHAPTER 11 TRUSTEE'S COUNSEL FOR
THE PERIOD OF NOVEMBER 16, 2022 THROUGH AUGUST 18, 2023**

Stinson LLP ("Attorneys" or "Applicants"), counsel for Marc E. Albert ("Trustee"), the previous Chapter 11 Subchapter V Trustee and the previous Chapter 11 Trustee for the bankruptcy estate of National Small Business Alliance, Inc., hereby applies for the allowance and payment of fees and expenses incurred for the period from November 16, 2022 through August 18, 2023 (the "Application Period"). In support thereof, Applicants respectfully state as follows:

I.  **BACKGROUND**

The Debtor is a corporation formed pursuant to the laws of the District of Columbia, and operates a nationwide online network through which various small businesses are furnished preferred rates on a curated series of support services and also provides bespoke counseling to the various entrepreneurs comprising its membership. Since 2008, the Debtor has worked with Venture Resources Counseling, LLC ("VRC") and John Rainaldi ("Rainaldi") to obtain critical funding services through the provision of several debt facilities and engaged the advisory services

of VRC for a brief period of time when the Debtor had certain issues managing its accounts payable and cash flow. Prior to the Debtor's bankruptcy filing, VRC and Mr. Rainaldi brought a suit against the Debtor for various loan obligations that were then in default but later settled with the Debtor through a settlement agreement. The Motiva Group, Inc. ("Motiva") brought a suit against the Debtor and certain related entities for the non-payments of monies due and owning on account of services rendered, which led to the imposition of a default judgment, the post-judgment imposition of punitive damages, and the appointment of a receiver. Motiva also brought litigation against the Debtor, Michael Holleran, VRC, Rainaldi, and Global Impact Group, Inc. for fraudulent transfer, which was pending before the San Diego Superior Court at the time of filing of the case ("Superior Court Litigation").

While the Bankruptcy Case proceeded in Subchapter V, on February 3, 2021, the United States Trustee appointed Marc. E. Albert as Subchapter V trustee [ECF Dkt. No. 12]. On April 27, 2021, Motiva, VRC and Trustee filed a joint motion for removal of the Debtor as debtor-in-possession [ECF Dkt. No. 84], which was approved by the Court on April 30, 2021 [ECF Dkt. No. 89]. Following promotion of the Trustee to Subchapter V trustee in possession, the Trustee filed an application to authorize retention of Attorneys on May 12, 2021 [ECF Dkt. No. 103] to provide efficient and cost-saving services to the estate in aid of the Trustee and his increased responsibilities to the estate. This Court entered an Order granting the application to authorize retention of Attorneys as counsel for Trustee on June 2, 2021 [ECF Dkt. No. 123].

On April 18, 2022 (the "Revocation Date"), the Court entered an Order revoking the Debtor's Subchapter V and small business designation [ECF Dkt. No. 284] and ordered the appointment of a standard Chapter 11 trustee to oversee the estate. In their capacity as counsel to the Subchapter V Trustee, Applicants filed a first interim and a second and final application for

compensation for approval of the fees and expenses incurred while serving as counsel to the Subchapter V trustee. Following approval of those applications by orders of the Court on November 15, 2021 [ECF Dkt. No. 222] and August 31, 2022 [ECF Dkt. No. 366], Applicants were fully compensated for its approved fees and expenses in Applicants capacity as counsel to the Subchapter V Trustee.

Following revocation, on April 22, 2022, the United States Trustee re-appointed Marc E. Albert to serve as the Chapter 11 trustee for the non-Subchapter V Chapter 11 estate [ECF Dkt. No. 287]. On April 27, 2022, the Trustee filed an application to authorize retention of Attorneys in the separate capacity as counsel for Trustee for the standard Chapter 11 estate [ECF Dkt. No. 289]. The Court entered an Order granting the application to authorize retention of Attorneys as counsel for Trustee in this role on May 17, 2022 [ECF Dkt. No. 302]. The Order authorizing retention states that the compensation of Attorneys shall be subject to further order of this Court, after notice and an opportunity for a hearing.

On September 28, 2022, the Trustee filed his First Amended Disclosure Statement for Chapter 11 Trustee's Plan of Reorganization [ECF Dkt. No. 376] (the "Disclosure Statement"), and his Chapter 11 Trustee's First Amended Plan of Reorganization [ECF Dkt. No. 377] (the "Plan"). Following resolution of several items that were heavily litigated in the case concerning the Plan and a final hearing concerning confirmation held on November 9, 2022, on November 15, 2022, the Court entered an Order Approving Disclosure Statement and Confirming Chapter 11 Trustee's Plan of Reorganization [ECF Dkt. No. 387] (the "Confirmation Order"), serving as both approval of the Trustee's Disclosure Statement and confirmation of the Trustee's Plan. The confirmed Plan established a continuing role of the Trustee as Disbursing Agent under the Plan and a continuation of the Trustee's general duties overseeing the Debtor's business.

Despite obtaining plan confirmation, on July 12, 2023, the Trustee file a Motion to Convert Case to Chapter 7 [ECF Dkt. No. 403]. On August 18, 2023, the Court entered the Order Granting Motion to Convert Case to Chapter 7 [ECF Dkt. No. 413]. The Trustee has conducted inquiry into the affairs of the Debtor as is feasible, prudent and necessary and has determined that circumstances exist which render him not disinterested in this case or which otherwise might constitute a conflict of interest. Accordingly, the Trustee resigned on August 18, 2023 and the current Chapter 7 Trustee Wendell W. Webster was added to this case.

Previously Attorneys filed a final application for compensation for their fees through confirmation of the Trustee Chapter 11 Plan and, although it was anticipated that Attorneys would be continuing to work for the estate on behalf of the Trustee, that no further applications for approval of fees would be necessary to file before the Court for its post-confirmation services ot he debtor estate and the Trustee. However, due the failure of the Debtor to generate enough funds to meet its plan obligations and the following conversion of the case, Attorneys have further unpaid fees for the post-confirmation period through the conversion of the case, which they are now seeking approval of as an administrative claim of the estate for distribution of available funds from the chapter 7 estate. In this application, Attorneys apply for the allowance and payment of their final fees and expenses incurred for the period from November 16, 2022 (the day following Plan confirmation) through August 18, 2023 (the day the case was converted to chapter 7). Services provided by Attorneys were beneficial to the estate.

II. **SERVICES RENDERED**

Attorneys have represented the Trustee with respect to all aspects of this case. During the period covered by this application, Attorneys assisted the Trustee with monitoring the Debtor's operational status and post-confirmation plan progress, assisted with communicating with the

Debtor on a regular basis to discuss case status and inquire about the Debtor's operation status under the oversight of the Trustee, preparing and filing monthly operating reports, monitoring the deadlines and status of receiving VRC funds, and assisted with transferring funds to the Debtor's operating accounts. After the Debtor significantly fell short of the projection targets provided for in the cash flow projection, Attorneys assisted in analyzing the Debtor's business reports and plan obligations for next steps, drafting a motion to convert the case to Chapter 7, responding to U.S. Trustee's motion to dismiss, and preparing for and attending the hearing on conversion or dismissal.

Attorneys rendered the necessary services required of counsel to a Chapter 11 Trustee engaged in the post-confirmation oversight of a business such as the Debtor's following confirmation of the Trustee's Plan of Reorganization. These services are broken down into several categories as follows:

A.  **General/Case Administration ("CA")**

During the Application Period, Attorneys represented the Trustee and assisted in general matters associated with the administration of the case while it proceeded following confirmation of the Chapter 11 Plan of Reorganization. In the course of the representation, Attorneys corresponded with the Trustee regarding various aspects of the case and provided information to the Trustee at his request. Moreover, Attorneys assisted in monitoring the Debtor's business operation and attending conferences with the Trustee and the Debtor to discuss the Debtor's business status and monitor post-confirmation plan progress.

Attorneys further corresponded with the employed accountant for the estate, Arthur Lander ("Mr. Lander") regarding various aspects of the case, including review of Monthly Operating Reports and Post-Confirmation Reports prepared by Mr. Lander on behalf of the Trustee and ensuring timely filing of the same.

Attorneys also assisted the Trustee with monitoring the payment status of VRC funds. The Attorneys assisted with ensuring proper operation of bank accounts with Axos Bank on behalf of the Debtor under the control of the Trustee, the operation of an online secure browser for review and release of wires associated with the Debtor's ongoing business operations, and physical operation of the same to approve and release such wires upon proper approval of the Trustee.

After the case was converted to Chapter 7, the Attorneys further assisted in logistic issues concerning transfer by communicating with the current Chapter 7 trustee and other parties in interest.

### B.     Plan/Disclosure Statement and Related Issues Including Conversion to Chapter 7

The Attorneys assisted in monitoring the Debtor's post-confirmation plan progress by reviewing the Debtor's reports and regularly conducting check-in meetings with the Debtor. After the Debtor's inability to substantially consummated its confirmed Chapter 11 Plan following a failure of the Debtor's business to meet revenue and disbursement projections provided in the Plan, Attorneys assisted the Trustee in reviewing the related Plan provisions and researching potential next steps. After conferring with the Trustee regarding next steps, the Attorneys further assisted in drafting and filing the *Trustee's Motion to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* [ECF Dkt. No. 403]. The next day on July 13, 2023, the Acting United States Trustee for Region 4 filed the *U.S. Trustee's Motion to Dismiss Chapter 11 Case* [ECF Dkt. No. 404]. The Attorneys assisted with drafting and filing *the Trustee's Response to U.S. Trustee's Motion to Dismiss Chapter 11 Case* [ECF Dkt. No. 406]. The Attorneys further assisted with preparing for and attending to the hearing on conversion or dismissal.

### C.     Employment and Fee Applications ("EMP/F")

During the Application Period, Attorneys worked to prepare the first fee application as Chapter 11 Trustee's counsel for the services rendered from April 19, 2022 through November 15, 2022 [ECF Dkt. No. 394] as well as an application for compensation on behalf of the Chapter 11 Trustee for the same time period ECF Dkt. No. 395]. Attorneys also prepared this second and final fee application for services rendered from November 16, 2022 to August 18, 2023, although Attorney are not seeking approval of such fees for preparation of this fee application due to the time occurring outside the application period and following conversion of the case to Chapter 7.

III.    PRIOR APPLICATIONS FOR COMPENSATION

This is the second and final application for compensation for Attorneys in their role as counsel for the Chapter 11 Trustee. In their previous role as counsel to the Subchapter V Trustee prior to revocation of the Debtor's Subchapter V designation, Attorneys previously filed a first interim application for services rendered from May 5, 2021 through September 30, 2021 on October 21, 2021 [ECF Dkt. No. 217], and a second and final application for services rendered from October 22, 2021 through April 18, 2022 on August 5, 2022 [ECF Dkt. No. 342]. An order approving Attorneys' first interim application was entered on November 15, 2021 [ECF Dkt. No. 222] approving fees of $29,165.00. An order approving Attorneys' second and final application as counsel to the Subchapter V Trustee was entered on August 31, 2022 [ECF Dkt. No. 366] approving fees of $35,000.00.

Before the case was converted to a Chapter 7 case, Attorneys previously did not anticipate filing additional applications as counsel for the Chapter 11 Trustee after the confirmation of the Plan, with any post-confirmation services provided to the Trustee to be compensated pursuant to the terms of the Plan. As counsel for the Chapter 11 Trustee, Attorneys filed the first and final fee application for services rendered from April 19, 2022 through November 15, 2022 [ECF Dkt. No.

394]. An order approving Attorney's first and final application was entered on February 3, 2023 [ECF Dkt. No. 400] approving fees of $125,000.00.

IV. **INFORMATION REQUIRED BY RULE 2016**

As required by Federal Rule of Bankruptcy Procedure 2016, Attorneys disclose that they have not received a retainer[1]. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between Attorneys and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

V. **VALUE OF SERVICES**

A. **Computation of Value**

The services rendered were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in administering this estate as a Chapter 11 trustee in possession. The expenses incurred in Attorneys' representation of the Trustee were reasonable and necessary.

The fees charged and expenses advanced by Attorneys during this application period using the "lodestar" method of fee computation, are:

| Fees | Expenses |
|---|---|
| $45,180.00 | $636.77 |

A summary of all services rendered by the professionals in this matter is attached hereto as **Exhibit A.** Copies of the records of the time entries made by all of the professionals rendering

---

[1] Attorneys have not directly received a retainer in this case. However, Pursuant to the Order of this Court entered on May 24, 2021, the Debtor paid the sum of $2,500.00 weekly to the Trustee to hold in trust for the benefit of the Debtor's estate and ensuring funds available for payment of employed professionals upon approval of fees by the Court. These weekly payments ceased following confirmation, with the balance previously used to make partial payment to the Trustee and his professionals, as provided for in the Plan.

service to the Trustee are attached hereto as **Exhibit B**. Time entries on Exhibit B that are marked with a "**T**" are for work that is more properly classified as a trustee task, and no compensation for this time is being sought in this Application. Attorney time marked as "**NB**" represents non-billed time which Attorneys are not seeking compensation and the entries marked NB have not been included in the fee calculation above. Non-billed time cut by Attorneys from its application includes time entries representing 55.8 hours of work totaling $23,760.00 in fees not sought by Attorneys in this application.

      B.      **Identification of Professionals Rendering Service**

Services were rendered by Joshua W. Cox at the rate of $450.00/hour.

      C.      **Billing Discretion**

In addition to time that has been marked as not billed ("NB") on the attached time records, it has been the normal practice of Attorneys in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent.

## VI. EVALUATION STANDARDS

Standard for evaluation of approval of services to a Chapter 11 trustee are based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and adopted in this Circuit in *In re AOV Industries, Inc.*, 797 F.2d 1004 (D.C. Cir. 1986), and based upon the "Guidelines," as discussed in detail herein below:

      A.      **Skill Required to Perform the Services Properly:** Attorneys submit that the skill and competency level required of the Chapter 11 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

B. **Preclusion of Other Employment:** Attorneys were not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

C. **Novelty and Difficulty of Questions:** The work performed by Attorneys did not involve any truly novel or difficult questions which would warrant any variation from the "lodestar" amount.

D. **Time and Labor Required:** The time and labor required of Attorneys in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in Exhibit A, and further reduced through application of a voluntary reduction.

E. **The Customary Fee:** The hourly rates charged by Attorneys for the services specified in Exhibit B are the customary rates charged by those individuals, and are "market rates" for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- *i.e.*, through "value billing," was ever undertaken or permitted by Attorneys.

F. **Fixed or Contingent:** The fees charged by Attorneys were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

G. **Experience, Reputation and Ability of the Attorneys**: Attorneys collectively have extensive experience dealing with bankruptcy and bankruptcy litigation matters before this Court (and others). Applicant submits that Attorneys are generally well-regarded among their peers, and enjoy favorable reputations.

H. **Awards in Similar Cases:** The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases under chapter 11 and 7 bearing similarity to this case.

I. **Time Limitations:** Attorneys were not burdened by any time limitations warranting any variation from the "lodestar" amount.

J. **Results Obtained:** Attorneys submit that their rendition of services to the Trustee precipitated good and economic results for the estate and its creditors. Attorneys seek no increment above the "lodestar" amount of their fees on account of the results achieved during the period covered by this Application.

K. **Ability to Pay:** There likely are not sufficient funds in the estate to pay Attorneys for the fees and expenses sought herein in full. Attorneys request payment of the fees requested herein pro rata along with the other administrative claims of the estate.

## VII. FURTHER APPLICATION

This is the second and final fee application of Attorneys as counsel to the Chapter 11 Trustee. Attorneys do not anticipate filing additional applications as counsel for the Chapter 11 Trustee in the future.

## VIII. REIMBURSEMENT OF EXPENSES

Expense reimbursement is sought herein in the amount of $636.77. An itemized list of the expenses is attached to Exhibit B. Except for expenses listed in the amount charged by the vendor of the service or time to Attorneys, each charge is in an amount reflecting Attorneys' ordinary rate of charge.

IX.  **Outstanding Administrative Claim Amount**

Previously, orders were entered by the Court approving fees of Attorneys while they served as counsel to the Subchapter V Trustee in the amounts of $29,165.00 [ECF Dkt. No. 222] and $35,000.00 [ECF Dkt. No. 366]. Attorneys have already received payment in full for these amounts. Additionally, the Court previously approved fees of $125,000.00 and expenses of $446.39 for Attorneys' work as counsel to the Chapter 11 Trustee after the Debtor's Subchapter V designation was revoked. *See* Order [ECF Dkt. No. 400]. Of these fees, Attorneys, on February 3, 2023, received payment from the Trustee of $42,454.58 representing a pro rata distribution with the other estate professionals of available funds previously delivered to the Trustee through the pendency of the case which were escrowed for the estate professional fees until Plan confirmation. *See Order Conditioning Use of Cash Collateral* [ECF Dkt. No. 117]. Therefore, the remaining amounts of Attorneys' administrative claim for its fees and expenses for the period following revocation of the Debtor's Subchapter V status through Plan confirmation is $82,991.81. If the fees and expenses sought herein are approved in full, the total amount of Attorney's administrative claim for professional fees and expenses, will be $128,808.58.

**WHEREFORE**, for all of the foregoing reasons, the Trustee requests that this Court enter an order:

a. approving the compensation as sought herein; and

b. granting such other and further relief as this Court may deem just, equitable and proper.

Dated:  November 8, 2023

Respectfully submitted,

/s/Joshua W. Cox
Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel:  (202) 728-3023
Fax:  (202) 572-9943
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Second and Final Application for Approval of Compensation for Chapter 11 Trustee's Counsel for the period from November 16, 2022 through August 18, 2023 was served by first class mail, postage prepaid on November 8, 2023, upon the following:

Arthur P. Lander
300 N. Washington St. #104
Alexandria, VA 22314

Andrea Campbell Davison
Bean, Kinney & Korman, P.C.
2311 Wilson Boulevard
5th Floor
Arlington, VA 22201

Jeffery T. Martin
Tayman Lane Chaverri LLP
601 13th Street NW
Suite 900 South
Washington, DC 20005

Eric Chibueze Nwaubani
1629 K Street, NW
#300
Washington, DC 20006

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

Bradford F. Englander
Whiteford Taylor & Preston LLP
3190 Fairview Park Drive
Suite 800
Falls Church, VA 22042

Kristen S. Eustis
Michael T. Freeman
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314

Justin Philip Fasano
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070

CORE/3516991.0006/184428937.1

13

Wendell W. Webster
1101 Connecticut Avenue, NW
Suite 402
Washington, DC 20036

/s/Joshua W. Cox
Joshua W. Cox