**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 21-00031-ELG |
| NATIONAL SMALL BUSINESS ) | |
| ALLIANCE, INC., ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |

**FIRST AND FINAL APPLICATION OF MCNAMEE HOSEA, P.A. FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

McNamee Hosea, P.A. ("McNamee Hosea"), counsel to Wendell W. Webster, Chapter 7 Trustee (the "Trustee") for National Small Business Alliance, Inc. (the "Debtor"), files this *First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* (the "Application"), pursuant to 11 U.S.C. §§ 327, 330 and 331 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). McNamee Hosea seeks for the period of **August 13, 2023** through **November 9, 2023**, final allowance of fees in the amount of **$7,612.50** and expenses in the amount of **$1,493.87** for a total award of **$9,106.37**.

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Chapter 7 Trustee*

## THE CASE

2. This case commenced on January 31, 2021, when the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court. The case converted to Chapter 7 on August 18, 2023.

3. Wendell W. Webster is the duly appointed and qualified Chapter 7 trustee for the estate of the Debtor.

## THE TRUSTEE'S ENGAGEMENT OF MCNAMEE HOSEA

4. On August 21, 2023, the Trustee filed his Application to Employ McNamee Hosea as Counsel (the "Application to Employ") [Dkt. No. 421].

5. On September 11, 2023, the Court entered an order granting the Application to Employ effective as of August 21, 2023 [Dkt. No. 432]. The order authorizing retention of McNamee Hosea states that McNamee Hosea shall apply to the Court for compensation.

6. The Debtor's history is well known to this Court.[1] McNamee Hosea has cut and pasted the section of the Debtor's history from the Court-approved disclosure statement [Docket

---

[1] NSBA is a corporation formed pursuant to the laws of the District of Columbia on January 22, 2002. The Debtor operates a nationwide online network through which various small businesses are furnished preferred rates on a curated series of support services, while the Debtor also provides bespoke counseling to the various entrepreneurs comprising its membership. NSBA provides services to thousands of small businesses nationwide, and its active members pay dues on an annual or semi-annual basis, and thusly performs a vital vetting function in aiding members of the small business community in search of reputable support services ranging from payroll administration to digital advertising. and it has A+ rating with The Better Business Bureau (BBB), representing BBB's degree of confidence that the business is operating in a trustworthy manner. The Debtor has historically been reliant on various third-party telemarketing partners to help spread information about NSBA's services and attract a greater membership base. Equally, the Debtor also uses a third-party service to process its membership dues; over its nearly 20-year existence, the Debtor has looked to various banking partners to facilitate its depository operations. Similarly, since 2008, NSBA has worked with Venture Resources Consulting, LLC ("VRC") and John Rainaldi to obtain critical funding services through the provision of several debt facilities. While the Debtor has previously had liquidity issues at various points in its existence, it has generally been sufficiently profitable in nature so as to provide for the payment of overhead expenses, to stay current on debt service payments, and to pay its principals. When the Debtor had certain issues managing its accounts payable and cash flow, it did engage the advisory services of VRC for a brief period of time. Throughout its history, the Debtor has had two meaningful interactions with the judicial system prior to this bankruptcy case. On one occasion, VRC and Mr. Rainaldi brought suit against NSBA for various loan obligations that were then in default; this litigation was amicably resolved through a settlement agreement. On another occasion, The Motiva Group, Inc. ("Motiva") brought suit against the Debtor and certain related entities for, inter alia, the nonpayment of monies due and owing on account of services rendered. This

No. 358, pages. 2-3] into the footnote below.  On February 3, 2021, the United States Trustee appointed Marc. E. Albert ("Trustee") as Subchapter V trustee under § 1183(a) of the Bankruptcy Code.  On April 18, 2022, the Bankruptcy Court entered its Order Revoking the Debtor's Subchapter V and Small Business Designation [ECF Dkt. No. 284] (the "Revocation Order"). Following the Revocation Order, the case began proceeding as a standard Chapter 11 case with Marc Albert as Chapter 11 trustee.  The Debtor confirmed a Chapter 11 plan, pursuant to which Mr. Albert operated the Debtor.  The day-to-day operations were managed by Raymond Longino.

7. The Debtor did not possess significant tangible assets or other property. The Debtor maintained a membership list with membership fees charged on an annual or semi-annual basis. However, because such memberships were inextricably tied to the membership services provided by the Debtor, such membership list maintained no value unless tied to the services provided by the Debtor. Thus the primary asset of the Debtor was its revenues as a continuing operating business, through the monthly revenues generated as a going concern.  The Debtor's membership interests generated approximately $24,000 per month, against bare-bones expenses of approximately $12,000.

---

litigation led to the imposition of a default judgment, the post-judgment imposition of punitive damages, and the appointment of a receiver. As with many other small businesses, the COVID-19 pandemic created significant challenges for the Debtor. The loss of revenues caused by the pandemic combined with the actual and threatened cost of multiple litigation by Motiva forced the Debtor to commence this bankruptcy case under Chapter 11 (Subchapter V) of the Bankruptcy Code on January 31, 2021, in order to address all of the claims of its disparate creditors in one uniform proceeding and to reorganize in this Honorable Court. On July 29, 2021, the Court entered a Judgment (the "Alter Ego Judgment") in Adversary Proceeding No. 21-10017 (the "Alter Ego Adversary") declaring that two entities related to the Debtor and associated with the previous litigation brought by Motiva, National Small Business Alliance, a California corporation ("NSBA SD"), and Global Impact Group, Inc., a District of Columbia corporation ("Global," and together with NSBA SD, the "Alter Ego Entities"), were alter ego entities of the Debtor. As a consequence, all assets and liabilities of the Alter Ego entities are considered assets and liabilities of the Debtor and are part of the Debtor's bankruptcy estate Proceeds to be generated from the continuing operation of the Debtor's business under possession by the Trustee, including increased revenue projected to be derived from a postpetition financing arrangement the Debtor has secured with its primary secured creditor allowing for the Debtor to engage call center employees to drive increased membership sales, will form the basis for the funding of the Plan.

8. The Debtor's assets were encumbered by a lien in favor of Venture Resources Consulting, LLC, a California limited liability company, John Rainaldi, and The Rainaldi Family Trust (collectively, "VRC") as reflected in Proof of Claim 3-1 originally filed on the Claims Register on April 9, 2021 in the amount of $201,770.72. This amount did not include interest. VRC's lien exceeded the value of the Debtor's assets. The deadline for pursuit of chapter 5 actions expired prior to the Trustee's appointment (except for transfers avoidable pursuant to 11 U.S.C. § 549).

9. During the Application Period, McNamee Hosea assisted the Trustee in obtaining authority to run the Debtor's business, sell the Debtor's business, and obtain a claims bar date for administrative claims. The Trustee sold the Debtor's business for $25,000.00, subject to VRC's lien. VRC was paid $5,000 but released its lien as to approximately $50,000 in the Debtor's accounts.

## PRIOR APPLICATIONS FOR COMPENSATION

10. This is the first and final application for compensation filed by McNamee Hosea.

## CLAIM IN CASE

11. There are eleven claims filed in the case, the unsecured portions of which total $812,290.99; of which $23,395.73 is entitled to priority. These claims will not receive a distribution (except that the $964.27 priority claim for US Trustee fees will be paid as a Chapter 7 administrative expense, *see In re Lochmiller Indus., Inc.*, 178 B.R. 241, 250 (Bankr. S.D. Cal. 1995). The estate is holding approximately $70,000.00. Assuming allowance of the requested fees, and a $6,750.00 commission to the Trustee, and $5,000 in Chapter 7 accounting costs, there will be approximately $48,159.36 for $148,316.69 in Chapter 11 administrative creditors, representing a 74.4% distribution to Chapter 11 administrative creditors.

## INFORMATION REQUIRED BY RULE 2016

12.     As required by Federal Rule of Bankruptcy Procedure 2016, McNamee Hosea discloses that it has not received a retainer.  No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein.  There is no understanding between McNamee Hosea and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

## MCNAMEE HOSEA'S REPRESENTATION OF THE TRUSTEE

13.     The representation of the Trustee was primarily performed by Justin P. Fasano. The services of additional professionals were utilized on an as-needed basis for specific projects.

14.     The hours devoted by McNamee Hosea during the Application Period for the Trustee, the hourly rate for each professional and the resulting fees (excluding reductions made in the exercise of McNamee Hosea's billing discretion) are as follows:

| Name | Position | Year Admitted | Hours | Hourly Rate | Fees Earned |
|---|---|---|---|---|---|
| Justin P. Fasano | Principal | 2007 | 18.0 | $400.00 | $7,200.00 |
| Kevin R. Feig | Associate | 2003 | 2.5[2] | $325.00 | $812.50 |
| **SUBTOTAL** | | | | | $8,012.50 |
| **DISCOUNT** | | | | | $400.00 |
| **TOTAL** | | | | | $7,612.50 |

## SUMMARY OF SERVICE PROVIDED

15.     McNamee Hosea provided a broad range of services to the Trustee during the Application Period.  These activities were undertaken to support and assist the Trustee in the administration of the case and selling substantially all the assets of the Debtor, free and clear of liens, resulting in a $25,000.00 payment for the estate.

---

[2] Time was spent drafting this fee application, does not show up on Exhibit.

16. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent and value of the services rendered, the time spent on such services and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

17. Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. Perdue v. Kenny A., 130 S. Ct. 1662 (2010).

18. Bankruptcy courts often consider the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Ltd., 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the Fourth Circuit adopted the Johnson tests in Barber v. Kimbrells, Ltd., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978). In Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should apply the lodestar approach, which encompasses the Johnson factors (a) and (e) as set forth below, and then adjust the fee with the guidance of the remaining Johnson factors. The following are the Johnson factors:

 (a) the time and labor required;

 (b) the novelty and difficulty of the questions;

 (c) the skill required to properly perform the legal services;

 (d) the preclusion of other employment by the attorney due to acceptance of the case;

  (e)  the customary fee;

  (f)  whether the fee is fixed or contingent;

  (g)  time limitations imposed by the client or the circumstances;

  (h)  the amount involved and the results obtained;

  (i)  the experience, reputation, and ability of the attorneys;

  (j)  the "undesirability" of the case;

  (k)  the nature and length of the professional relationship with the client; and

  (l)  awards in similar cases.

<u>Johnson</u>, 488 F.2d at 717-719; <u>Barber</u>, 577 F.2d at 226 n.28; <u>Anderson</u>, 658 F.2d at 248 n.2.

19. McNamee Hosea submits the following lodestar and <u>Johnson</u> factor analysis in support of its request for allowance of fees and disbursements.

  a. **The time and labor required**. The time and labor required of McNamee Hosea in connection with its representation of the Trustee is set forth in the time records attached hereto as **Exhibit A**. The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter.

  b. **Novelty and difficulty of the questions involved and skill applied.** McNamee Hosea submits that the skill and competency level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys. The representation was not particularly novel or difficult, but required negotiations with the Purchaser; drafting, reviewing and revising the sales contract; work relating to transition issues, as well as bankruptcy case related matters such as obtaining approval of the sale and setting an administrative claims bar date.

  **c.**  **The preclusion of other employment by the firm due to acceptance of this case**. McNamee Hosea was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

  **d.**  **The customary fee for similar work**. McNamee Hosea submits that the fees sought herein are warranted, are equal to its customary fees, and are generally less than or equal to competitive fees in the Washington, D.C. legal market for firms with comparable practices given the nature of these proceedings.

  **e.**  **Whether the fee is fixed or contingent**. Pursuant to the Bankruptcy Code, all fees sought by McNamee Hosea are subject to final approval of this Court. The fees charged by McNamee Hosea were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

  **f.**  **Time limitations imposed by the client or circumstances.** McNamee Hosea was burdened by significant time limitations as sales were pending at the time of its engagement.

  **g.**  **The amounts involved and the results obtained**. McNamee Hosea submits that its rendition of services to the Trustee have precipitated good and economic results for the estate and the creditors. McNamee Hosea seeks no increment above the "lodestar" amount of its fees on account of the results it achieved during the period covered by this Application.

  **h.**  **Experience, reputation and ability of attorneys**. McNamee Hosea attorneys have extensive experience dealing with bankruptcy trustee, Chapter 7, and

bankruptcy litigation matters. McNamee Hosea submits that Justin Fasano is generally well-regarded among his peers, and enjoys a favorable reputation.

    **i.**    **The "undesirability" of the case**. Although this case should not be considered "undesirable," it has presented certain challenges, including running a business in Chapter 7 and complications in successfully closing the sale. McNamee Hosea has met these challenges and the case continues to move forward successfully.

    **j.**    **The nature and length of the firm's professional relationship with the client**. McNamee Hosea has represented the Trustee since its appointment as bankruptcy counsel. McNamee Hosea has represented the Trustee in many other cases before this Court.

    **k.**    **Awards in similar cases**. The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

## FURTHER APPLICATION

20. McNamee Hosea anticipates that no further fee applications will be submitted.

## DISCOUNT

21. McNamee Hosea is providing the estate a discount of $400.00 on its fees, approximately 5% of its total fees.

## REIMBURSEMENT OF EXPENSES

McNamee Hosea had $1,113.87 in disbursements during the Application Period. A summary of expenses incurred is included at **Exhibit A**. The chart below summarizes the disbursements by category:

9

|   | **Disbursement Category** | **Cost** |
|---|---|---|
| 1. | PACER | $6.60 |
| 2. | Service Fee | $1,097.77 |
| 3 | Prints - BW | $9.50 |
| 4 | Estimated cost of mailing notice of fee application | $380.00 |
|   | **TOTAL** | **$1,493.87** |

## TOTAL AMOUNT SOUGHT

22. The total services rendered and disbursements made are as follows:

| Fees | $7,612.50 |
|---|---|
| Disbursements | $1,493.87 |
| **Total** | **$9,106.37** |

23. In summary, McNamee Hosea believes that the services rendered to the Trustee and the expenses incurred in connection therewith were necessary and reasonable in view of the nature of this case and the number of the matters in which McNamee Hosea was necessarily involved.

**WHEREFORE**, McNamee Hosea, P.A. respectfully requests that this Court enter an Order:

(a) allowing a final award of fees incurred in the amount of $7,612.50;

(b) allowing a final award of expenses incurred in the amount of $1,493.87;

(c) authorizing the Trustee to pay all amounts awarded above; and

(d) granting such other and further relief which is just and equitable.

Dated: November 10, 2023                    Respectfully Submitted,

                                            /s/ *Justin P. Fasano*
                                            Janet M. Nesse (D.C. Bar 358514)
                                            Justin P. Fasano (D.C. Bar MD21201)
                                            McNamee Hosea, P.A.
                                            6404 Ivy Lane, Suite 820
                                            Greenbelt, MD 20770
                                            Telephone: (301) 441-2420
                                            Facsimile: (301) 982-9450
                                            *Counsel for the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2023 , a copy of the foregoing *First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* was filed and served via the Court's Electronic Case Filing System on all parties receiving notice thereby, and by first-class mail, postage prepaid to:

Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA 22314

Wendell Webster
Webster & Frederickson, PLLC
1101 Connecticut Ave NW
Washington, DC 20036

And the attached creditors' matrix.

                                            /s/ *Justin P. Fasano*
                                            Justin P. Fasano